■ In the Matter of JENNIFER FISHER BOWE, Respondent, v LOUIE ROBINSON, Appellant. [805 NYS2d 91]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals (1), as limited by his brief, from so

much of an order of the Family Court, Queens County (Clark, J.), dated July 15, 2004, as, in effect, upon confirming a referee's report (Seiden, H.E.), dated May 20, 2003, made after a hearing, denied his cross petition to modify a prior order of the same court entered September 30, 1998, awarding sole custody of the parties' child to the mother, and granted the mother's petition for permission to relocate with the child to the State of Pennsylvania, and (2) a decision of the same court dated July 15, 2004.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated July 15, 2004, is modified, on the facts, by deleting the provision thereof granting the mother's petition for permission to relocate with the child to the State of Pennsylvania and substituting therefor a provision dismissing the petition as academic; as so modified, the order dated July 15, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the mother is awarded one bill of costs.

Where, as here, a court has conducted a complete evidentiary hearing, its finding must be accorded great weight on appeal, and its award of custody should be allowed to stand unless it lacks a sound and substantial basis in the record (*see Matter of Lynch v Acey,* 281 AD2d 483 [2001]; *Matter of Coakley v Goins,* 240 AD2d 573 [1997]; *Conti v Conti,* 149 AD2d 395 [1989]). The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). The court may require a change of custody if the totality of the circumstances warrants a modification and such a change is in the best interests of the child (*see Eschbach v Eschbach, supra*; *Matter of Schimler v Schimler,* 203 AD2d 580 [1994]). Factors to be considered in determining the child's best interests include "the quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Lobo v Muttee,* 196 AD2d 585, 587 [1993] [internal quotation marks omitted]; *see Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364-365 [1992]; *see also Eschbach v Eschbach, supra*). The stability and companionship to be gained from keeping children together is also an important factor for a court to consider (*see Eschbach v*

*Eschbach, supra* at 173). Moreover, a court should be mindful that "the existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach, supra* at 174). While the express wishes of children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful (*see Matter of O'Connor v Dyer,* 18 AD3d 757 [2005]).

The father failed to establish a change in circumstances warranting a change in custody, or that the mother was less fit than he as a parent (*see Gonzalez v Gonzalez,* 17 AD3d 635 [2005]). Accordingly, the Family Court properly continued custody of the parties' 13-year-old child with the mother, which was the child's preference, and which was in accord with the recommendations of the court-appointed forensic evaluator and the Law Guardian. In light of the mother's representation in her brief that she has abandoned her plan to relocate to the State of Pennsylvania and is rescinding her request for permission to relocate, we dismiss her relocation petition as academic.

The father's remaining contentions are without merit. H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.