■ In the Matter of STEVEN KRAFT, Respondent, v JAMIE ORSINI, Appellant. (Proceeding No. 1.) In the Matter of JAMIE ORSINI, Appellant, v STEVEN KRAFT, Respondent. (Proceeding No. 2.) [25 NYS3d 321]—

Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered October 28, 2014. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of that court so as to award him unsupervised visitation with the parties' children and denied the mother's petition to modify the same order so as to award her sole legal custody of the parties' children.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the father's petition to modify the prior order so as to award him unsupervised visitation with the parties' children, and substituting therefor a provision denying that petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and the father, who have two children together, settled a prior custody and visitation proceeding by agreeing that they would have joint legal custody of the children, with physical custody to the mother, and that the father would have supervised visitation. The father petitioned to modify this court-sanctioned arrangement so as to award him unsupervised visitation, and the mother petitioned to modify the arrangement so as to award her sole legal custody of the children.

Following a hearing, the Family Court, inter alia, granted the father's petition and denied the mother's petition. The mother appeals.

In order to modify an existing court-sanctioned custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Preciado v Ireland*, 125 AD3d 662 [2015]; *Matter of Holmes v Holmes*, 116 AD3d 955 [2014]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Matter of Gainza v Gainza*, 24 AD3d 551, 551 [2005]). "The determination of whether visitation should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (*Irizarry v Irizarry*, 115 AD3d 913, 914-915 [2014]).

Here, the Family Court erred in finding that there had been a change in circumstances warranting an award of unsupervised visitation to the father. Two of the experts who evaluated the father concluded that supervised visitation was warranted. Although the father's therapist recommended unsupervised visitation, that recommendation came with several caveats. She recommended that an "objective, nonfamily person" should talk to the children about their states of mind as "a safety precaution." She also advised against any overnight unsupervised visitation. Given the totality of the circumstances, the award of unsupervised visitation was inappropriate (*see Matter of Bullinger v Costa*, 63 AD3d 735 [2009]). In the future, the father's visitation should not be supervised by the maternal grandmother, who supervised such visitation in the past, but rather by a person agreed to by the parties or, in the event they cannot agree, by a person selected by the father with the approval of the attorney for the children.

However, the Family Court properly denied the mother's petition seeking sole legal custody of the parties' children. The mother failed to adduce evidence sufficient to demonstrate a change in circumstances warranting that relief (*see Matter of Preciado v Ireland*, 125 AD3d 662 [2015]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.