■ In the Matter of GARY JOHN DeVITA, Respondent, v THERESA R. DeVITA, Appellant. [39 NYS3d 527]—

Appeal by the mother from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated August 4, 2015. The order, after a hearing, granted the father's petition, in effect, to modify the parties' settlement agreement so as to award him residential custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

In a settlement agreement dated June 21, 2005, which was incorporated but not merged into the parties' judgment of divorce dated August 26, 2005, the parties agreed to share joint legal custody of their child, with residential custody to the mother and visitation to the father. The father subsequently commenced this proceeding, in effect, to modify the settlement agreement so as to award him residential custody of the child. The Family Court granted the father's petition, and the mother appeals.

"Modification of an existing court-sanctioned custody agreement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206 [2015]). "The best interests of the child are determined by a review of the totality of the circumstances" (*id.* at 1206; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The "totality of the circumstances" includes "whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Moore v Gonzalez*, 134 AD3d 718, 719 [2015]). "Along with these factors, the court must also 'consider the stability and continuity afforded by maintaining the present arrangement' " (*Angelova v Ruchinsky*, 126 AD3d 828, 829 [2015], quoting *Matter of McDonough v McDonough*, 73 AD3d 1067, 1068 [2010]). Weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved. Therefore, the hearing court's credibility findings are accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Jackson v Coleman*, 94 AD3d 762 [2012]; *Matter of Buxenbaum v Fulmer*, 82 AD3d 1223 [2011]).

Here, viewing the totality of the circumstances, there is a sound and substantial basis for the Family Court's determination that there was a change in circumstances such that a modification of custody was necessary to ensure the best interests and welfare of the child. Particularly relevant in this case is the clearly stated preference of the child, a mature 13 year old at the time of the hearing (*see Matter of Coull v Rottman*, 131 AD3d 964 [2015]; *Matter of Rosenblatt v Rosenblatt*,

129 AD3d 1091 [2015]), the relative credibility of the witnesses' testimony, and the child's relationship with the mother as compared to the child's relationship with the father.

Accordingly, the Family Court properly granted the father's petition, in effect, to modify the settlement agreement so as to award him residential custody of the child. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.