■ In the Matter of KEVIN KEENER, Appellant, v JENNIFER POLLARO, Respondent. [43 NYS3d 480]—

Appeals by the father from two orders of the Family Court, Orange County (Debra J. Kiedaisch, J.), both entered September 10, 2015. The first order, after a hearing, dismissed his family offense petition against the mother. The second order, after a hearing, in effect, denied his petition to modify a prior order of custody and visitation of that court, entered March 7, 2011, so as to award him sole legal and physical custody of the subject children.

Ordered that the orders entered September 10, 2015, are affirmed, without costs or disbursements.

The Family Court did not err in dismissing the family offense petition, in which the father alleged that the mother had committed an offense constituting harassment in the first or second degree (*see* Penal Law §§ 240.25, 240.26). There was no evidence that the mother had committed such an offense. The mother was not at home when the subject incident occurred, in which her boyfriend allegedly caused physical injury to the parties' son.

The Family Court also did not err in denying the father's petition to modify the order of custody and visitation entered March 7, 2011, so as to award him sole legal and physical custody of the parties' two children. The parties previously shared joint custody of the children, but their relationship has deteriorated to the point where joint custody is no longer appropriate (*see Martin v Martin*, 139 AD3d 916 [2016]; *Matter of Moore v Gonzalez*, 134 AD3d 718 [2015]). The father failed to demonstrate that, under the totality of the circumstances, a transfer of custody to him alone was in the best interests of the children. There is no basis to disturb the court's determination that the father's testimony was not credible (*see Matter of Fargasch v Alves*, 116 AD3d 774 [2014]). The court considered the relevant factors in determining the best interests of the children, including the quality of the home environment and the parental guidance the custodial parent provides for the children, the ability of each parent to provide for the children's emotional and intellectual development, the financial status and ability of each parent to provide for the children, the overall relative fitness of the parties, and the willingness of the custodial parent to assure meaningful contact between the children and the other parent (*see Matter of Vasquez v Ortiz*, 77 AD3d 962 [2010]; *Matter of McGovern v Lynch*, 62 AD3d 712, 712 [2009]; *Matter of Bowe v Robinson*, 23 AD3d 555 [2005]). The court also gave appropriate weight to the expressed wishes of the children, whose ages and maturity make their input particularly meaningful (*see Cook v Cook*, 142 AD3d 530 [2016];

*Matter of Bowe v Robinson,* 23 AD3d at 557). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.