■ In the Matter of ADEFOLAHAN OYEFESO, Respondent, v MARIE SULLY, Appellant. [49 NYS3d 142]—

Appeal by the mother from an order of the Family Court, Nassau County (Thomas Rademaker, J.), dated January 21, 2016. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify the parties' stipulation of settlement so as to award him physical custody of the parties' children, and limited the mother's visitation with the children to certain therapeutic visits.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof limiting the mother's visitation with the children to certain therapeutic visits; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for determination of a new visitation schedule; and it is further,

Ordered that pending the determination of the new visitation schedule, the mother's visitation shall be in accordance with the visitation provided in an order of temporary custody and parenting time of the Family Court, Nassau County, dated November 20, 2015; in addition, the mother shall have the right to attend any and all school or extracurricular activities.

In a stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce dated October 14, 2011, the parties agreed to joint legal custody of their children and for the mother to have primary physical custody, with visitation to the father. In August 2015, the father petitioned to modify the custody provisions of the stipulation of settlement so as to award him sole custody of the children. After a hearing, the Family Court issued an order dated January 21, 2016, inter alia, granting that branch of the father's petition which was to award him physical custody of the parties' children and granting certain therapeutic visitation to the mother.

" 'Modification of an existing court-sanctioned custody agreement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child' " (*Matter of DeVita v DeVita*, 143 AD3d 981, 982 [2016], quoting *Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206 [2015]; *see Greenberg v Greenberg*, 144 AD3d 625 [2016]; *Matter of Pena v Lopez*, 140 AD3d 967, 968 [2016]; *Matter of DeMille v Pizzo*, 129 AD3d 957, 957 [2015]). "In determining whether such a change exists, the court must determine whether the totality of the circumstances justifies modification" (*Matter of Connolly v Walsh*, 126 AD3d 691, 693 [2015]; *see Matter of Zall v Theiss*, 144 AD3d 831

[2016]; *Matter of Moore v Gonzalez*, 134 AD3d 718, 719 [2015]). "The factors to be considered in making a determination with respect to the best interests of the child include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Matter of Yearwood v Yearwood*, 90 AD3d 771, 773-774 [2011], quoting *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]; *Matter of Moran v Cortez*, 85 AD3d 795, 796 [2011]; *Mohen v Mohen*, 53 AD3d 471, 473 [2008]). In addition to these factors, the court must also "consider the stability and continuity afforded by maintaining the present arrangement" (*Matter of McDonough v McDonough*, 73 AD3d 1067, 1068 [2010]; *see Matter of DeVita v DeVita*, 143 AD3d 981, 982 [2016]; *Angelova v Ruchinsky*, 126 AD3d 828, 829 [2015]). In addition, " '[w]hile the express wishes of the child are not controlling, they are entitled to great weight, particularly where the child's age and maturity would make his or her input particularly meaningful' " (*Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008], quoting *Matter of McMillian v Rizzo*, 31 AD3d 555, 555 [2006]; *see Cook v Cook*, 142 AD3d 530, 533 [2016]).

"Weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved. Therefore, the hearing court's credibility findings are accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of DeVita v DeVita*, 143 AD3d at 982; *see Matter of Brownell v Manemeit*, 142 AD3d 499, 500 [2016]; *Matter of Pena v Lopez*, 140 AD3d at 968).

Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of custody to the father in order to ensure the best interests of the children had a sound and substantial basis in the record and, therefore, will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of DeVita v DeVita*, 143 AD3d at 982-983; *Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091, 1092-1093 [2015]).

However, the Family Court's determination limiting the mother's visitation with the children to certain therapeutic visits lacks a sound and substantial basis in the record (*cf. Matter of Mikell v Bermejo*, 139 AD3d 954, 955 [2016]).

The mother's remaining contentions are without merit. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.