In the Matter of SHAKEIDA PEREZ, Respondent, v RANDY M. BROWN, Appellant. [55 NYS3d 142]—

Appeal by the father from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated November 13, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior order of custody of the Family Court, Nassau County (Hope Schwartz Zimmerman, J.), dated March 28, 2011, so as to award her residential custody of the subject child.

Ordered that the order dated November 13, 2015, is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of one child, born in 2006. In an order dated March 28, 2011, the Family Court, Nassau County, upon consent, awarded the parties joint legal custody of the child with residential custody to the father. In August 2014, the mother filed a petition to modify the order so as to award her residential custody. In the order appealed from, the Family Court, Suffolk County, inter alia, granted the petition. The father appeals from that portion of the order.

Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the continued best interests of the child (*see Matter of Vujanic v Petrovic*, 125 AD3d 984 [2015]; *Matter of Davis v Pignataro*, 97 AD3d 677 [2012]; *Trinagel v Boyar*, 70 AD3d 816 [2010]). "In determining whether such a change exists, the court must determine whether the totality of the circumstances justifies modification" (*Matter of Connolly v Walsh*, 126 AD3d 691, 693 [2015]; *see Matter of Zall v Theiss*, 144 AD3d 831 [2016]; *Matter of Moore v Gonzalez*, 134 AD3d 718, 719 [2015]). "The factors to be considered in making a determination with respect to the best interests of the child include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (*Matter of Yearwood v Yearwood*, 90 AD3d 771, 773-774 [2011], quoting *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *see Eschbach v Esch-*

*bach*, 56 NY2d 167, 171-172 [1982]; *Matter of Moran v Cortez*, 85 AD3d 795, 796 [2011]; *Mohen v Mohen*, 53 AD3d 471, 473 [2008]). In addition to these factors, the court must also "consider the stability and continuity afforded by maintaining the present arrangement" (*Matter of McDonough v McDonough*, 73 AD3d 1067, 1068 [2010] [internal quotation marks omitted]; *see Matter of DeVita v DeVita*, 143 AD3d 981, 982 [2016]; *Angelova v Ruchinsky*, 126 AD3d 828, 829 [2015]).

Here, contrary to the father's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of residential custody to the mother in order to ensure the best interests of the child has a sound and substantial basis in the record and, therefore, will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Oyefeso v Sully*, 148 AD3d 710 [2017]; *Matter of DeVita v DeVita*, 143 AD3d at 982-983; *Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091, 1092-1093 [2015]).

Accordingly, the Family Court properly granted the mother's petition. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.