■ In the Matter of JOHN NIXON, Respondent, v DIANA FERRONE, Appellant. [60 NYS3d 256]—

Appeal by the mother from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated December 5, 2016. The order, insofar as appealed from, after a hearing, granted the father's petition for sole physical custody of the parties' child and suspended the mother's parenting time with the child for a period of three months, to be followed by supervised visitation with a therapist to be selected by the father. By decision and order on motion dated January 30, 2017, this Court granted the mother's motion to stay enforcement of the order pending hearing and determination of the appeal.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof suspending the mother's parenting time with the child for a period of three months, to be followed by supervised visitation with a therapist to be selected by the father, and substituting therefor a provision directing that the Family Court, upon consultation with the attorney for the child and the parties, designate a therapist to conduct supervised therapeutic visitation to commence immediately, and remitting the matter to the Family Court, Suffolk County, for further proceedings in accordance herewith; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of one child, born in 2004. In 2010, the parties entered into a stipulation of settlement which was incorporated but not merged into their judgment of divorce. By their stipulation, the parties agreed to joint legal custody of their child, with the mother having physical custody and the father having weekly parenting time. In May 2015, the father filed a petition for sole physical custody of the child after his parenting time with the child had ceased. In an order dated December 5, 2016, the Family Court, after a hearing and an in camera interview with the child, inter alia, granted the father's petition for sole physical custody of the child and suspended the mother's parenting time with the child for a period of three months, to be followed by supervised visitation with a therapist to be selected by the father. The mother appeals.

Where modification of an existing court-sanctioned custody arrangement is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child (*see Matter of Scott v Powell*, 146 AD3d 964, 965 [2017]; *Matter of Zall v Theiss*, 144 AD3d 831, 832 [2016]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167,

171-173 [1982]; *McAvoy v Hannigan*, 107 AD3d 960, 962-963 [2013]). Since the Family Court's determination with respect to custody and visitation depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Estrada v Palacios*, 148 AD3d 804 [2017]; *Matter of Hargrove v Langenau*, 138 AD3d 846, 847 [2016]).

Here, the father established a change in circumstances such that modification of the existing custody arrangement between the parties was necessary to protect the best interests of the child. Further, the Family Court's determination to award sole physical custody of the child to the father was supported by a sound and substantial basis in the record.

However, the Family Court's determination to suspend the mother's parenting time with the child for a period of three months is not supported by a sound and substantial basis in the record. Visitation " 'is a joint right of the noncustodial parent and of the child' " (*Zafran v Zafran*, 28 AD3d 753, 755 [2006], quoting *Weiss v Weiss*, 52 NY2d 170, 175 [1981]). Generally, absent exceptional circumstances, which we do not find present here, some form of visitation by the noncustodial parent is always appropriate (*see Matter of Gonzalez v Ross*, 140 AD3d 869, 871 [2016]; *Matter of Rosenblatt v Rosenblatt*, 129 AD3d 1091, 1092 [2015]; *Matter of Rambali v Rambali*, 102 AD3d 797, 799 [2013]; *Matter of Giannoulakis v Kounalis*, 97 AD3d 748 [2012]). Here, while the Family Court appropriately determined that supervised therapeutic visitation was necessary, the court should have directed that it would designate the therapist upon consultation with the attorney for the child and the parties, and that the mother's supervised therapeutic visitation would commence immediately. Such an arrangement would serve the child's best interests.

Thus, under the circumstances presented, we remit the matter to the Family Court, Suffolk County, for the Family Court to designate a family therapist, upon consultation with the attorney for the child and the parties, and to set a schedule of therapeutic supervised visitation in accordance with the best interests of the child, which visitation shall commence without unreasonable delay (*see Matter of Goldfarb v Szabo*, 130 AD3d 728, 729 [2015]; *Matter of D'Angio v McGrath*, 64 AD3d 593, 594 [2009]).

The mother's remaining contentions are without merit. Hall, J.P., Roman, Cohen and Barros, JJ., concur.