Appeal by the mother from two orders of the Family Court, Kings County (Leticia M. Ramirez, J.), both dated June 8, 2015. The first order, after a hearing, granted the father’s petition for sole legal and physical custody of the parties’ children and denied the mother’s petition for sole legal and physical custody of the children. The second order awarded the mother visitation with the children.
 

 Ordered that the orders are affirmed, with costs.
 

 The parties, who were never married, are the parents of two children. Prior to the younger child’s birth, the parents lived together in the father’s home. However, when the younger child was approximately two weeks old, the mother became concerned that the father was sexually abusing the older child, who was then two years old. The mother took the children and went to the home of the maternal grandmother, where she remained.
 

 When the younger child was approximately 18 months old, the father, who had not seen the children since the mother left, sought and was granted visitation with both children. Thereafter, the mother made repeated accusations that the father had abused both children. Although the mother’s accusations were deemed unfounded by the Administration for Children’s Services and court-appointed evaluators, the mother continued to believe that the father had abused the children, continued to make new allegations of abuse, and failed to comply with the visitation orders. Eventually, both parties filed petitions seeking sole legal and physical custody of the children. While the petitions were pending, the father was awarded extended visitation with the children, and, later, temporary custody. After a hearing, the Family Court issued a first order dated June 8, 2015, in which it granted the father’s petition and denied the mother’s petition, finding that it was in the children’s best interests to remain in the father’s custody. The court issued a second order dated June 8, 2015, in which it awarded the mother visitation. The mother appeals from both orders.
 

 Contrary to the mother’s contention, the Family Court correctly concluded that awarding sole legal and physical custody to the father was in the children’s best interests. “[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination” (Matter of Vasquez v Ortiz, 77 AD3d 962, 962 [2010]; see Matter of Kortright v Bhoorasingh, 137 AD3d 1037, 1038 [2016]; Musachio v Musachio, 137 AD3d 881, 883 [2016]; Matter of Goldfarb v Szabo, 130 AD3d 728, 729 [2015]; Matter of Fargasch v Alves, 116 AD3d 774, 775 [2014]; Matter of Honeywell v Honeywell, 39 AD3d 857, 858 [2007]). Here, the mother’s repeated and unfounded allegations of sexual abuse against the father were an act of interference with the parent-child relationship so inconsistent with the best interests of the children as to raise a strong probability that the mother is unfit to act as custodial parent (see Matter of Kortright v Bhoorasingh, 137 AD3d at 1038; Matter of Fargasch v Alves, 116 AD3d at 775). Thus, there was a sound and substantial basis in the record for the court’s determination, upon its consideration of the totality of the circumstances, that the best interests of the children would be served by awarding custody to the father and visitation to the mother.
 

 The mother’s remaining contentions are either without merit or not properly before this Court.
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.