Appeal by the mother from an order of the Family Court, Rockland County (Rachel T. Tanguay-McGuane, J.), dated August 24, 2016. The order, after a hearing, granted the father’s petition to modify the parties’ stipulation of settlement so as to award him residential custody of the subject children.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 “ ‘Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child [ren]’ ” (Matter of Spencer v Killoran, 147 AD3d 862, 863 [2017], quoting Matter of O’Shea v Parker, 116 AD3d 1051, 1051 [2014]; see Matter of Bullard v Clark, 154 AD3d 846 [2017]; Weisberger v Weisberger, 154 AD3d 41 [2017]; Matter of Nixon v Ferrone, 153 AD3d 625 [2017]). The best interests of the children are determined by a review of the totality of the circumstances (see Matter of Nixon v Ferrone, 153 AD3d 625 [2017]; Matter of Perez v Brown, 150 AD3d 1011 [2017]). The factors to be considered in making a determination with respect to the best interests of the children include the quality of the home environment and the parental guidance the custodial parent provides for the children, the ability of each parent to provide for the children’s emotional and intellectual development, the financial status and ability of each parent to provide for the children, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the children’s relationship with the other parent (see Matter of Perez v Brown, 150 AD3d at 1012; Matter of Yearwood v Yearwood, 90 AD3d 771, 773-774 [2011]; Matter of Elliott v Felder, 69 AD3d 623, 623 [2010]). In addition to these factors, the court must “consider the stability and continuity afforded by maintaining the present arrangement” (Matter of McDonough v McDonough, 73 AD3d 1067, 1068 [2010] [internal quotation marks omitted]; see Matter of Perez v Brown, 150 AD3d at 1012). “ ‘[I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court’s] determination should be disturbed only if it lacks a sound and substantial basis in the record’ ” (Bondarev v Bondarev, 152 AD3d 482, 482 [2017], quoting Matter of Bacchi v Clancy, 101 AD3d 993, 993 [2012]).
 

 Here, contrary to the mother’s contention, the Family Court’s determination that there had been a change in circumstances requiring a transfer of residential custody to the father in order to ensure the best interests of the children had a sound and substantial basis in the record and, therefore, will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]; Matter of Perez v Brown, 150 AD3d at 1012; Matter of Oyefeso v Sully, 148 AD3d 710, 712 [2017]; Matter of DeVita v DeVita, 143 AD3d 981, 982-983 [2016]; Matter of Rosenblatt v Rosenblatt, 129 AD3d 1091, 1092-1093 [2015]).
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.