Matter of Henry v Tucker (2018 NY Slip Op 00426)





Matter of Henry v Tucker


2018 NY Slip Op 00426


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-08716
 (Docket Nos. V-9601-07/15F, V-9602-07/15F, V-9603-07/15F)

[*1]In the Matter of Opal N. Henry, respondent,
v
Winston D. Tucker, appellant.


Winston Tucker, sued herein as Winston D. Tucker, Jamaica, NY, appellant pro se.
Steven P. Forbes, Jamaica, NY, for respondent.
Toba Beth Stutz, Jamaica, NY, attorney for the children.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated July 14, 2016. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior order of visitation dated July 26, 2013, so as to terminate the father's visitation with the parties' children to the extent of directing that the father has only supervised therapeutic visitation with the children.
ORDERED that the order dated July 14, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of three children, of whom the mother has custody. The mother commenced this proceeding to modify a prior visitation order, dated July 26, 2013, so as to terminate the father's visitation with the children. The Family Court granted the petition to the extent of directing that the father has only supervised therapeutic visitation with the children. The father appeals.
"A party seeking to modify a prior visitation order must show that there has been a sufficient change in circumstances since the entry of the order such that modification is warranted to further the children's best interests" (Matter of Licato v Jornet, 146 AD3d 787, 787). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (Cervera v Bressler, 50 AD3d 837, 839 [internal quotation marks omitted]; see Matter of Powell v Blumenthal, 35 AD3d 615, 616). " The determination of whether visitation should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record'" (Matter of Kraft v Orsini, 136 AD3d 916, 917, quoting Irizarry v Irizarry, 115 AD3d 913, 914-915). Here, contrary to the father's contention, the Family Court's determination that supervised therapeutic visitation was in the best interests of the children has a sound and substantial basis in the record and will not be disturbed (see Matter of Torres v Ojeda, 108 AD3d 570, 571).
The father's remaining contentions are without merit.
AUSTIN, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court