Matter of Baalla v Baalla (2018 NY Slip Op 01050)





Matter of Baalla v Baalla


2018 NY Slip Op 01050


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-07545
 (Docket Nos. V-04297-14, V-05550-15)

[*1]In the Matter of Ketty Baalla, respondent,
v
Noreddine Baalla, appellant.


Rhonda R. Weir, Brooklyn, NY, for appellant.
Karen P. Simmons, Brooklyn, NY (Lee Tarr and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Judith Waksberg, J.), dated June 21, 2016. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify the parties' stipulation of settlement so as to award her sole legal custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were married in 2006, separated in 2008, and divorced in 2009, have one child, who was born in 2006. Prior to the marriage, the mother was Christian and the father was Muslim, but the mother converted to Islam and they were married in a religious ceremony. When the parties separated, the mother returned to Christianity.
Pursuant to the parties' stipulation of settlement and their judgment of divorce, the parties had joint legal custody of the child and the mother had primary physical custody of the child, who was approximately 2½ years old when the parties separated. The stipulation stated that the parties would consult with each other regarding the child's religious training, but did not specify in which religious tradition the child would be raised. As the child's primary custodian, the mother taught the child Christian values and practices in accordance with her beliefs.
When the child was approximately 7½ years old, she complained to the mother that the father was pressuring her to adopt Muslim practices and had threatened to abscond with her to his native Morocco, where he retained citizenship in addition to his US citizenship, if she failed to follow Muslim practices and customs. The child asked the mother to call the police and also sought help from school personnel. The mother responded by filing a petition seeking sole legal custody of the child. The father thereafter petitioned to enforce visitation and to enforce a purported oral agreement that the child would be raised as a Muslim.
After a hearing, the Family Court granted the mother's petition for sole legal custody but granted the father liberal visitation, including on all major Muslim holidays. The father appeals.
" In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child'" (Gentile v Gentile, 149 AD3d 916, 918, quoting Matter of Fallarino v Ayala, 41 AD3d 714, 714; see Matter of Scheiner v Henig, 155 AD3d 874, 874; Weisberger v Weisberger, 154 AD3d 41, 50; Matter of Nixon v Ferrone, 153 AD3d 625, 626; Matter of Perez v Brown, 150 AD3d 1011, 1011). Here, the parties' inability to agree on the child's religious training, which was an issue that had not been addressed in the parties' July 2009 stipulation of settlement, constituted a change in circumstances. The change in the child's relationship with the father based on the child's fear of his displeasure if she were not a "true Muslim," and her belief that he threatened to abscond with her to Morocco, also contributed to the change in circumstances warranting modification (see Matter of Shehata v Shehata, 31 AD3d 773, 774; Matter of Oddy v Oddy, 296 AD2d 616, 617).
"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (Matter of Jules v Corriette, 76 AD3d 1016, 1017; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Maxwell v Watt, 152 AD3d 693, 693; Matter of Perez v Brown, 150 AD3d at 1011; Matter of McQueen v Legette, 125 AD3d 863; Matter of McKoy v Vatter, 106 AD3d 1090; Matter of Roldan v Nieves, 76 AD3d 634; Pierre-Paul v Boursiquot, 74 AD3d 935, 936; Mohen v Mohen, 53 AD3d 471, 472-473; Matter of Fallarino v Ayala, 41 AD3d at 714-715). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Scheiner v Henig, 155 AD3d at 874; see Matter of Nixon v Ferrone, 153 AD3d at 626).
Here, the record supported the conclusion of the Family Court that it was in the child's best interests to award sole legal custody to the mother. With regard to the child's medical care and education, the father had already ceded authority to the mother and admittedly trusted her judgment and expertise in making those decisions. The evidence established that the only issue on which the parents disagreed was the religion in which the child should be raised and to what degree she should be expected to observe the tenets of each parent's religion. The award to the mother of sole decision-making authority with respect to religion is in the child's best interests, and the award of parenting time to each parent on his or her respective religious holidays will continue to allow the child to be exposed to both parents' religions (see Matter of Waldron v Dussek, 48 AD3d 471, 472-473).
Similarly, the father's actual or perceived insistence that the child follow Islam and actual or perceived threats to abscond to Morocco with the child had a serious adverse effect on the child's relationship with him and, thus, made an award of sole custody to the mother appropriate. The child was 10 years old at the time of the hearing and, accordingly, the Family Court properly considered her wishes, weighed in light of her age and maturity (see Matter of Hutchinson v Johnson, 134 AD3d 1115, 1116).
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court