McGinnis v McGinnis (2018 NY Slip Op 01554)





McGinnis v McGinnis


2018 NY Slip Op 01554


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5939 350117/12

[*1]James P. McGinnis, Jr., Plaintiff-Respondent,
v
Jodi A. McGinnis, Defendant-Appellant.


Henry James Joseph, Brooklyn, for appellant.
Jo Ann Douglas Family Law, PLLC, New York (Jo Ann Douglas of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen F. Gesmer, J.), entered March 7, 2016, bringing up for review two orders, same court and Justice, entered July 17, 2015 and February 1, 2016, which, following two hearings, and to the extent appealed from as limited by the briefs, (1) transferred custody of the parties' child to plaintiff father, (2) limited defendant mother's contact with the child to twelve hours of supervised visits per week, at defendant's sole expense, and (3) awarded counsel fees and expenses to plaintiff in the amount of $132,030.60, unanimously affirmed, without costs.
The father established that there has been a sufficient change of circumstances such that a modification of the custody arrangement was in the child's best interests (Matter of Luis F. v Dayhana D., 109 AD3d 731 [1st Dept 2013]). The mother's lack of insight, poor judgment, efforts to minimize the father's relationship with the child and multiple, unsubstantiated claims of abuse — as well as her refusal to return to New York in violation of the parties' settlement agreement until compelled to do so by the court — all support the IAS court's findings.
A parent's repeated allegations of abuse are acts of interference with the parental relationship "so inconsistent with the best interests of the child[]" that it raises a strong probability of unfitness (Matter of Abramson v Shaw, 154 AD3d 744, 745 [2d Dept 2017]). It is also apparent that the mother is unwilling to ensure meaningful contact between the child and her father (see Bliss v Ach, 56 NY2d 995 [1982]). Where "sharp differences" between the parties exist, as they do here, an award of joint custody is inappropriate (id. at 998).
We reject the mother's argument that the father cannot show a "change of circumstances" because many of the conditions he relies upon existed at the time the parties entered into the settlement agreement. It is evident that the mother's allegations and false claims against the father became more serious and persistent as time went on, and thus what may have been a minor concern to the court in the underlying matrimonial proceeding has evolved into serious issues that it properly addressed to account for the child's best interests. A "change of circumstances" is also evident through the mother's failure to move to a "Qualified Residence" by the agreed-upon deadline in the settlement agreement, which the parties agreed was a material provision and the breach of which was contrary to the child's best interests.
The IAS court's award of attorney's fees to the father in connection with Motion Sequences 9 and 10 was within its discretion and supported by the plain terms of the parties' settlement agreement.
We have considered the mother's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK