Matter of Khan v Khan (2018 NY Slip Op 02788)





Matter of Khan v Khan


2018 NY Slip Op 02788


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-02753
 (Docket Nos. V-7523-13/15F, V-7523-13/15G, V-7523-13/15H, V-7523-13/15J)

[*1]In the Matter of Sayeda Khan, appellant, 
v
Salman Khan, respondent. (Proceeding No. 1)
In the Matter of Salman Khan, respondent, vSayeda Khan, appellant. (Proceeding No. 2)


Lisa Siano, Merrick, NY, for appellant.
Jan Murphy, Huntington, NY, for respondent.
Mark A. Green, P.C., Westbury, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated February 6, 2017. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of custody of the same court dated August 17, 2014, so as to award him sole legal and residential custody of the parties' child, modified the parenting time schedule set forth in that order, and denied the mother's petition to modify that order so as to award her sole legal and residential custody of the child.
ORDERED that the order dated February 6, 2017, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof modifying the order dated August 17, 2014, by directing that the mother shall have parenting time on Tuesdays at the conclusion of school until Saturday morning and the father shall have parenting time from Saturday morning until Tuesday morning; as so modified, the order dated February 6, 2017, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for the issuance of a corrected order directing that the father shall have parenting time on Tuesdays at the conclusion of school until Saturday morning and the mother shall have parenting time from Saturday morning until Tuesday morning, or, in the alternative, an amended order setting forth the rationale for the modification to the parenting time schedule set forth in the order dated August 17, 2014.
The parties in this child custody proceeding were married in March 2011, and their child was born in September 2012. The parties separated and, pursuant to an order dated August 17, 2014, they were awarded joint custody of the child. The order also set forth a parenting time [*2]schedule. In 2015, both the mother and the father filed petitions seeking, inter alia, sole custody of the child. By order dated February 6, 2017, after a fact-finding hearing, the Family Court granted the father's petition to modify the order dated August 17, 2014, so as to award him sole legal and residential custody of the child, and modified the parenting time schedule set forth in that order by giving the father the parenting time originally given the mother and the mother the parenting time originally given the father. The court also denied the mother's petition to modify that order so as to award her sole legal and residential custody of the child. The court found that the parents' relationship had deteriorated to such a degree that they could not share custody. The court also found that, of the two parents, the father was more emotionally and mentally healthy and more likely to promote a loving and healthy relationship with the other parent. The court did not explain its modification of the parenting time schedule. The mother appeals from the order dated February 6, 2017.
A party seeking to modify an existing court-ordered custody arrangement must establish that circumstances have changed to the extent that modification of the arrangement is necessary to ensure the best interests of the child (see Matter of Baalla v Baalla, _____ AD3d _____, 2018 NY Slip Op 01050 [2d Dept 2018]; Matter of Hargrove v Langenau, 138 AD3d 846, 846-847; Matter of Kraft v Orsini, 136 AD3d 916, 917). Upon finding that modification of the arrangement is necessary, the court must examine the totality of the circumstances to determine what new arrangement would further the child's best interests (see Matter of Scheiner v Henig, 155 AD3d 874, 875). Relevant factors include the desirability of maintaining stability in the child's life, the relative quality of the respective home environments, the length of time the present custody arrangement has been in place, and each parent's past performance, relative fitness, ability to guide and provide for the child's well-being, and willingness to foster a relationship with the other parent (see Matter of Hannam v Holmes, 156 AD3d 883, 884; Matter of Scheiner v Henig, 155 AD3d at 875; Matter of Colvin v Polhamus, 145 AD3d 1350, 1351). The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record (see Matter of Hargrove v Langenau, 138 AD3d at 847).
Here, the record provides a sound and substantial basis for the Family Court's finding that the parties' relationship had deteriorated to such an extent that joint custody was no longer appropriate (see Matter of Keener v Pollaro, 145 AD3d 891, 892; Martin v Martin, 139 AD3d 916, 917). The record also supports the court's finding that the child's best interests would be served by awarding sole custody to the father. The record demonstrates, among other things, that the father was more likely than the mother to promote a healthy relationship between the child and the noncustodial parent. Indeed, the mother's unfounded allegations of sexual abuse amounted to such interference with the parent-child relationship between the child and the father, and was so inconsistent with the best interests of the child, as to raise a strong probability that she is unfit to act as the custodial parent (see Matter of Abramson v Shaw, 154 AD3d 744, 745). The court also gave appropriate consideration and weight to the testimony of the forensic evaluator (see Matter of Carrasquillo v Cora, 60 AD3d 852, 853). We find no basis to disturb the court's modification of the custody arrangement so as to award sole custody to the father (see Matter of Abramson v Shaw, 154 AD3d at 745-746).
However, the record does not support the provision in the Family Court's order changing the parenting time schedule. The mother requests that the parenting time schedule be restored to the schedule set forth in the August 17, 2014, order, and the father joins in this request. Indeed, it appears that the modification of the original parenting time schedule may have been inadvertent. Therefore, we remit the matter to the Family Court, Nassau County, for the issuance of either a corrected order restoring the parenting time schedule set forth in the order dated August 17, 2014, or, in the alternative, an amended order setting forth the rationale for the modification to the parenting time schedule set forth in the order dated August 17, 2014.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court