Matter of Roa v Marte (2019 NY Slip Op 02526)





Matter of Roa v Marte


2019 NY Slip Op 02526


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-05070
 (Docket Nos. V-3830-17/17A/17B/17C)

[*1]In the Matter of Xochitl Roa, appellant, Peter Marte, respondent. (Proceeding No. 1)
In the Matter of Peter Marte, respondent, v Xochitl Roa, appellant. (Proceeding Nos. 2 and 3)


Steven H. Klein & Associates, P.C., Poughkeepsie, NY, for appellant.
Hirshfeld & Hirshfeld, New City, NY (William A. Hirshfeld of counsel), for respondent.
Geoffrey E. Chanin, Goshen, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated March 20, 2018. The order, after a hearing, (1) denied the mother's petition to modify the custody and parental access provisions of a stipulation of settlement between the parties which was incorporated but not merged into a judgment of divorce dated November 6, 2014, (2) granted, in part, the father's petition to modify the parental access provisions of the stipulation of settlement, and (3) granted the father's petition alleging that the mother willfully violated the parental access provisions of the stipulation of settlement by denying him access to the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married and are the parents of one child, born in 2006. In a stipulation of settlement (hereinafter the stipulation) dated June 19, 2014, which was incorporated but not merged into a judgment of divorce dated November 6, 2014, the parties agreed to joint legal custody of the child, with primary physical custody to the mother. The father was entitled to parental access with the child every other weekend from Friday at 7:00 p.m. to Sunday at 7:00 p.m., every Tuesday and Thursday from after school until 7:00 p.m., and on certain holidays. Subsequently, the mother filed a petition to modify the custody and parental access provisions of the stipulation so as to award her sole legal custody of the child, and to decrease the father's parental access. The father filed a petition alleging that the mother had willfully violated the parental access provisions of the stipulation by interfering with his parental access. The father also filed a separate petition, inter alia, to modify the parental access provisions of the stipulation so as to award him overnight parental access on Tuesdays and Thursdays.
After a hearing on the petitions, the Family Court dismissed the mother's petition. [*2]In addition, the court granted the father's violation petition, determining that the mother had willfully violated the parental access provisions of the stipulation when, prior to the father and child going on vacation together, she went to the father's home and took the child, resulting in the father and child not going on vacation. For approximately three months thereafter, the mother withheld all parental access. As a result of the violation, the court awarded the father extra parental access with the child. The court also granted the father's petition to modify the parental access provisions of the stipulation to the extent of awarding him parental access on alternate weekends from Thursday after school until Monday return to school, or if there is no school, until 7:00 p.m. on Monday. The father also was awarded overnight parental access during the intervening week from Thursday after school until Friday return to school, or if there is no school, until 7:00 p.m. on Friday. The mother appeals.
Where modification of an existing order of custody and parental access is sought, the petitioner must make a showing of a "change in circumstances such that modification is required to protect the best interests of the child" (Matter of Davis v Pignataro, 97 AD3d 677, 677 [internal quotation marks omitted]; accord Matter of Hargrove v Langenau, 138 AD3d 846, 846). The best interests of the child are determined based upon the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Jackson v Wylie-Tunstall, 159 AD3d 821, 822; Matter of Hargrove v Langenau, 138 AD3d at 846-847; Matter of Boggio v Boggio, 96 AD3d 834, 835). Moreover, the determination of parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of LaChere v Maliszweski, 157 AD3d 696, 697).
Here, the Family Court's determination that it was in the best interests of the child to modify the stipulation so as to award the father additional parental access with the child on alternate weekends and overnight parental access during the intervening week has a sound and substantial basis in the record. Accordingly, we agree with the court's determination granting, in part, the father's petition to modify the parental access provisions of the stipulation, and denying that branch of the mother's petition which was to modify the parental access provisions of the stipulation so as to eliminate the father's weekday parental access with the child and reduce his weekend parental access.
"Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Guma v Lennard, 160 AD3d 952, 953; see Eschbach v Eschbach, 56 NY2d at 173-174).
Here, the mother failed to demonstrate that, under the totality of the circumstances, a transfer of custody to her alone was in the child's best interests (cf. Matter of Pollaro v Keener, 145 AD3d 898). The Family Court's determination that the child's best interests would be served by continuing the parties' joint legal custody of the child with the mother having primary physical custody has a sound and substantial basis in the record. The court acknowledged that both parties provide the child with "adequate and suitable housing" and that the child is "clearly happy, safe and comfortable in both homes." It further recognized that although "both parents struggle to promote and foster the relationship with the other parent," it was the mother who, inter alia, presented as manipulative and inflexible and who denigrated the father and his family in front of the child. The court found that the mother willfully violated the stipulation when she deprived the father and child of a vacation together and then withheld parental access for approximately three months. The court also expressed concern that if the mother were to be awarded sole custody of the child, she would not foster a meaningful relationship between the child and the father (cf. Matter of Lovitch v Lovitch, 64 AD3d 710, 712). Moreover, to award the mother sole custody under these circumstances would, in essence, be rewarding her for her prior bad behavior. Accordingly, we agree with the court's denial of that branch of the mother's petition which was to modify the stipulation so as to award her sole legal custody of the child.
The mother's remaining contentions are either unpreserved for appellate review or without merit.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court