Matter of Rajakkannan v Pradhan (2019 NY Slip Op 03791)





Matter of Rajakkannan v Pradhan


2019 NY Slip Op 03791


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-12864
 (Index No. V-19580-16)

[*1]In the Matter of Shankaranarayanan Rajakkannan, respondent, 
v
Sitaramarao Seema Pradhan, appellant.


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Mark D. Imber, Garden City, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Frank A. Tantone, J.), dated September 28, 2018. The order, insofar as appealed from, granted the father's petition to suspend the mother's unsupervised parental access with the parties' child and awarded the mother only supervised parental access and therapeutic parental access.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child. Pursuant to the parties' judgment of divorce, the father had custody and the mother had unsupervised parental access with the child. The father petitioned to suspend the mother's unsupervised parental access with the child. The Family Court granted the petition and awarded the mother only supervised parental access and therapeutic parental access with the child. The mother appeals.
"A party seeking to modify a prior [parental access] order must show that there has been a sufficient change in circumstances since the entry of the order such that modification is warranted to further the children's best interests" (Matter of Henry v Tucker, 157 AD3d 892, 893 [internal quotation marks omitted]; see Matter of Licato v Jornet, 146 AD3d 787, 787). "Supervised [parental access] is appropriately required only where it is established that unsupervised [parental access] would be detrimental to the child" (Cervera v Bressler, 50 AD3d 837, 839 [internal quotation marks omitted]; see Matter of Henry v Tucker, 157 AD3d at 893). The determination of whether parental access should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Matter of Henry v Tucker, 157 AD3d at 893; Matter of Kraft v Orsini, 136 AD3d 916, 917). Here, contrary to the mother's contention, the Family Court's determination that supervised parental access and therapeutic parental access was in the best interests of the child has a sound and substantial basis in the record and, thus, will not be disturbed (see Matter of Henry v Tucker, 157 [*2]AD3d at 893; Matter of Torres v Ojeda, 108 AD3d 570, 571).
The mother's remaining contention is without merit.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court