Matter of Liriano v Hotaki (2019 NY Slip Op 07071)





Matter of Liriano v Hotaki


2019 NY Slip Op 07071


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-10618
 (Docket No. V-21340-14/16D)

[*1]In the Matter of Clara Liriano, appellant,
v
Khushal Hotaki, respondent.


Nestor Soto, Astoria, NY, for appellant.
Janis A. Parazzelli, Floral Park, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated July 26, 2018. The order, insofar as appealed from, upon a decision of the same court also dated July 26, 2018, made after a hearing, (1) granted the mother's petition to modify an existing custody order dated June 30, 2015, only to the extent of directing that the father's parental access with the subject child be supervised for a period of two months, after which parental access would gradually become unsupervised, and (2) directed that the mother was only entitled to cancel such parental access between the father and the child for substantial medical reason involving the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are not married to each other, are the parents of the subject child, born in 2008. Pursuant to an order dated June 30, 2015, entered upon consent, the mother was awarded sole legal and physical custody of the child, and the father was awarded unsupervised parental access (hereinafter the custody order). The mother subsequently petitioned to modify the custody order so as to require that the father's parental access with the child be supervised. The mother also sought to modify the prior custody order by conditioning the father's right to parental access on his participation in therapy. Following a hearing on the mother's petition, the Family Court, among other things, determined that it was in the child's best interests for the father's parental access to be supervised for a period of only two months, after which parental access would gradually become unsupervised. The court did not condition the father's right to parental access on his participation in therapy. The court also directed that the mother was "not to cancel the visit except for substantial medical reason involving the child." The mother appeals.
In order to modify an existing custody or parental access arrangement, "there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Peralta v Irrizary, 76 AD3d 561, 562 [internal quotation marks omitted]; see Matter of Scott v Powell, 146 AD3d 964, 965). "The best interests of the child are determined by an examination of the totality of the circumstances" (Matter of Peralta v Irrizary, 76 AD3d at 562 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d [*2]167, 172). Supervised parental access is appropriate where it is established that unsupervised parental access would be detrimental to the child (see Matter of Spencer v Killoran, 147 AD3d 862, 863; Matter of Gainza v Gainza, 24 AD3d 551, 551). The determination of whether parental access should be supervised is a matter left to the Family Court's discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Matter of Henry v Tucker, 157 AD3d 892, 893; Matter of Kraft v Orsini, 136 AD3d 916, 917).
On appeal, the mother contends that the Family Court should not have limited supervised parental access to a period of only two months. She also contends that the court should have conditioned the father's right to parental access on his participation in therapy. Contrary to the mother's contention, the record supports the court's determination that it would be in the best interests of the child for parental access to be supervised for a period of two months only, after which parental access would gradually become unsupervised (see generally Cervera v Bressler, 90 AD3d 803, 806-807). The record also supports the court's determination that the best interests of the child did not require the father to attend therapy as a condition of his parental access. The evidence presented at the hearing demonstrates that in-person parental access between the father and the child had been suspended at the time of the hearing, and that the father had made comments to the child in the past which might have encouraged the child to display harmful behavior. However, the evidence also demonstrates that the father took affirmative steps during the pendency of the proceeding to engage in the child's mental health treatment plan and to educate himself about the child's special needs. In addition, the attorney for the child advanced the child's preference that parental access with the father be unsupervised. Accordingly, there is a sound and substantial basis in the record for the court's determination based upon the totality of the evidence and the preference of the child as expressed by his attorney which, while not determinative, is a factor to be considered and entitled to some weight (see generally Matter of Mejia v Llarena, 172 AD3d 720, 722).
The mother further contends that the Family Court should not have limited her ability to cancel a scheduled visit to instances of "substantial medical reason involving the child." We note that this is a fairly standard limitation (see Parenting Plan, ¶ 2.12, available at www.nycourts.gov/forms/matrimonial/ParentingPlanForm.pdf [last accessed September 12, 2019]). Contrary to the mother's contention, the court's determination that it was in the child's best interests to limit the mother's ability to cancel scheduled visits to instances of "substantial medical reason involving the child" is supported by a sound and substantial basis in the record (cf. Matter of Michael R. v Aliesha H., 155 AD3d 1042, 1044).
The remaining contention raised by the attorney for the child is not properly before this Court (see e.g. Matter of Ignatieva v Sullivan, 169 AD3d 680, 681).
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court