■ CHERYL WILLIAM-TORAND, Respondent, v TIBOR TORAND, Appellant. [901 NYS2d 601]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered January 14, 2009, which, to the extent appealed from as limited by the brief, restricted defendant father's access to the parties' children to telephone contact three times a week and supervised visitation once a month subject to the children's wishes as determined by plaintiff mother, unanimously reversed, on the law, without costs, the access provisions vacated and the matter remanded for further proceedings consistent herewith.

After a nonjury trial, the court awarded the mother sole physical and legal custody of the parties' three teenaged children.* The court set an access schedule permitting the father to call the children three times a week and have supervised visitation with them once a month for three hours. The court's order provided that "[i]n the event that any of the children refuse to visit with their father, they should not be forced to do so" and that the mother "is not required to make them visit if they express forceful opposition."

---

* The father did not contest custody at trial and is not raising it on appeal.

While a child's views should be considered when determining issues of custody or visitation, they should not be determinative (*Obey v Degling*, 37 NY2d 768, 770 [1975]; *Matter of Taylor G.*, 59 AD3d 212 [2009]; *Matter of Hughes v Wiegman*, 150 AD2d 449, 450 [1989]). A court may not delegate its authority to determine visitation to either a parent or a child (*Matter of Leah S.*, 61 AD3d 1402 [2009]; *Matter of William BB. v Susan DD.*, 31 AD3d 907 [2006]). A visitation provision that is conditioned on the desires of the children "tends . . . to defeat the right of visitation" (*Matter of Casolari v Zambuto*, 1 AD3d 1031 [2003] [internal quotation marks and citations omitted]; *Pincus v Pincus*, 138 AD2d 687 [1988]). Here, because the access provisions of the court's order are conditioned on the children's wishes and leave the determination whether visitation will take place to the children, or their mother, they must be set aside.

It is apparent from the record that the trial court neither appointed an attorney for the children nor interviewed them at a *Lincoln* hearing (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]). In light of the children's ages and the mother's claim that they are reluctant to spend time with their father, on remand, the court should consider, after consultation with counsel, appointing an attorney for the children and holding a *Lincoln* hearing (*see Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117 [1990] [preferred practice in custody/visitation cases is to have an in camera interview with the child on the record in the presence of the attorney for the child]). Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.

