“ ‘A modification of an existing custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change of custody in order to insure the child’s best interests’ ” (Sano v Sano, 98 AD3d 659, 659 [2012], quoting Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]; see Matter of Kimberly A.H. v Perez, 99 AD3d 903 [2012]). The determination of a child’s best interests requires a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). In addition, inasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court’s determination should be disturbed only if it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Doroski v Ashton, 99 AD3d 902 [2012]). Here, the Family Court’s determination that there had been a sufficient change in circumstances requiring a change in custody has a sound and substantial basis in the record and, thus, should not be disturbed (see Matter of Diaz v Diaz, 97 AD3d 747, 747 [2012]).
The father’s remaining contention is without merit. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.