■ In the Matter of DONNA SPENCER, Respondent, v DENISE KILLORAN, Appellant. (Proceeding No. 1.) In the Matter of LORETTA HALSTEAD, Respondent, v DENISE KILLORAN, Appellant. (Proceeding No. 2.) [46 NYS3d 658]—

Appeal by the mother from an order of the Family Court, Suffolk County (Martha Luft, J.), dated December 18, 2015. The order, after a hearing, granted the petitioners' separate petitions to modify the parties' so-ordered stipulation dated May 12, 2014, which had granted the mother unsupervised visitation with the subject children, and directed that the mother have only supervised visitation with the subject children without setting forth a supervised visitation schedule.

Ordered that the order is modified, on the law, by deleting the provision thereof directing that the mother's supervised visitation shall be "as the parties may agree"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, to set a schedule for the mother's supervised visitation with the children; and it is further,

Ordered that in the interim, the visitation provisions of the order dated December 18, 2015, shall remain in effect.

The appellant is the mother of twin boys born on January 25, 2006. In 2011 the petitioners, who are the mother's cousins, were awarded custody of the children due to the mother's misuse of alcohol. On May 12, 2014, the parties entered into a so-ordered stipulation whereby the mother agreed to be

monitored daily for alcohol use for a period of six months and, in return, she was allowed unsupervised, scheduled visitation with the children. The alcohol monitoring began on October 7, 2014. On January 25, 2015, and February 4, 2015, the mother tested positive for alcohol use. The petitioners then separately petitioned to modify the visitation schedule by limiting the mother to supervised visits. The Family Court granted the petitions, determining that it would be in the best interests of the children to require that the mother's visitation be supervised in light of her recent positive tests for alcohol use. However, the Family Court did not set a supervised visitation schedule, instead directing that visitation shall be "as the parties may agree." The mother appeals, contending that the court erred in modifying the previous visitation order.

Contrary to the mother's contention, the Family Court did not err in granting the petitions to limit her to only supervised visitation. "Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of O'Shea v Parker*, 116 AD3d 1051, 1051 [2014]; *see Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206 [2015]). "The best interests of the child are determined by a review of the totality of the circumstances" (*Matter of Ruiz v Sciallo*, 127 AD3d at 1206). "Supervised visitation is appropriately required where it is established that unsupervised visitation would be detrimental to the child" (*Matter of Gainza v Gainza*, 24 AD3d 551, 551 [2005]). "The determination of whether visitation should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (*Irizarry v Irizarry*, 115 AD3d 913, 914-915 [2014]; *see Matter of Gooler v Gooler*, 107 AD3d 712 [2013]). Here, the court's determination that there had been a change in circumstances, and that it was in the children's best interests for the mother's future visitation to be supervised, is supported by a sound and substantial basis in the record and, thus, will not be disturbed (*see Matter of Skipper v Pugh*, 128 AD3d 972, 973 [2015]).

However, under the circumstances of this case, including the fact that the parties have previously experienced difficulties in agreeing upon visitation, the best interests of the children require that the Family Court set forth a supervised visitation schedule that would allow the mother to have meaningful time with the children (*see generally Matter of Rivera v Fowler*, 112

AD3d 835, 836 [2013]). Accordingly, the matter must be remitted to the Family Court, Suffolk County, to set a schedule for the mother's supervised visitation with the children. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.