■ In the Matter of IZRAEL J., an Infant. LINDSAY F., Appellant, et al., Petitioner, et al., Respondent. In the Matter of CASSIUS J., Respondent, v LINDSAY F., Appellant, et al., Respondent. [51 NYS3d 88]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about March 28, 2016, which, to the extent appealed from as limited by the briefs, granted respondent mother visitation supervised by a responsible adult acceptable to petitioner father, unanimously modified, on the law, to remand the matter for a determination of a visitation schedule and choice of appropriate supervisors, and otherwise affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about March 28, 2016, which granted the father custody of the child, unanimously dismissed, without costs, as abandoned.

The Family Court is required to structure a visitation schedule that results in "frequent and regular access" by the noncustodial parent (*Matter of Aida B. v Alfredo C.*, 114 AD3d 1046, 1049 [3d Dept 2014]). "A court may not delegate its authority to determine visitation to either a parent or a child" (*William-Torand v Torand*, 73 AD3d 605, 606 [1st Dept 2010]). Here, while the Family Court wanted to allow these largely cooperative parents flexibility to make their own visitation schedule, the order effectively delegated the court's authority to set a schedule completely to the father.

In view of the parties' ability to work together and their need for flexibility to accommodate scheduling supervisors and the mother's need for drug and/or alcohol rehabilitation, Family Court's responsibility to set a schedule can be satisfied by mandating the frequency and duration of visitation, even if particular days of the week or times of the day are not specified. The Family Court also should have determined the category of individuals who were appropriate visitation supervisors. Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.