■ Anton Bondarev, Respondent, v Valdirene Bondarev, Appellant. [58 NYS3d 143]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), entered January 27, 2016. The order, after a hearing, granted the plaintiff's motion to modify the parties' so-ordered stipulation of settlement pertaining to custody and visitation so as to award him sole legal and physical custody of the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

During the pendency of their divorce action, the parties entered into a stipulation of settlement dated August 5, 2014, which was so-ordered by the Supreme Court (hereinafter the stipulation). The stipulation awarded the parties joint legal custody of their two children, with primary residential custody to the defendant. Thereafter, the plaintiff moved to modify the stipulation so as to award him sole legal and physical custody of the children. In an order entered January 27, 2016, the court, after a hearing, granted the plaintiff's motion. The defendant appeals.

"A party seeking the modification of an existing court-ordered child custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination" such that modification is necessary to ensure the children's best interests (*Musachio v Musachio*, 137 AD3d 881, 882-883 [2016]; *see Cook v Cook*, 142 AD3d 530, 533 [2016]; *see also Matter of Lopez v Chasquetti*, 148 AD3d 1151 [2017]; *Matter of O'Shea v Parker*, 116 AD3d 1051 [2014]). The best interests of a child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Lopez v Chasquetti*, 148 AD3d at 1151). "[I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court's] determination should be disturbed only if it lacks a sound and substantial basis in the record" (*Matter of Bacchi v Clancy*, 101 AD3d 993, 993 [2012]; *see Musachio v Musachio*, 137 AD3d at 883).

Here, the record demonstrates, among other things, that the

parties' relationship deteriorated after the stipulation, that the defendant unilaterally made major decisions regarding the children in total disregard of the stipulation, and that the defendant made statements to the children suggesting that the plaintiff did not love them. Accordingly, the Supreme Court's determination that there had been a change in circumstances, and that a transfer of sole legal and physical custody to the plaintiff would be in the children's best interests, has a sound and substantial basis in the record and will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 171; *Cook v Cook*, 142 AD3d at 533-534). Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.