Appeals by the mother from two orders of the Family Court, Suffolk County (Caren Loguercio, J.), both dated August 12, 2016. The first order, insofar as appealed from, after a fact-finding hearing, granted that branch of the father’s petition which was to modify the custody provisions of a so-ordered stipulation dated February 14, 2013, so as to award him residential custody of the parties’ children. The second order awarded the mother parenting time with the parties’ children.
 

 Ordered that the first order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
 

 Ordered that the second order is affirmed, without costs or disbursements.
 

 The parties, who were never married, have two children together. Pursuant to a so-ordered stipulation dated February 14, 2013, the parties agreed to joint legal custody of the children, with residential custody to the mother, and parenting time to the father. On January 12, 2016, the father filed a petition to modify the custody provisions of the so-ordered stipulation, inter alia, so as to award him residential custody of the children. After a hearing, the Family Court granted that branch of the father’s petition and modified the stipulation so as to award the father residential custody of the children with liberal parenting time to the mother.
 

 A court-ordered custody agreement will not be set aside unless there is a sufficient change in circumstances since the time of the agreement and unless the modification of the custody agreement is necessary to ensure the continued best interests of the children (see Bondarev v Bondarev, 152 AD3d 482 [2017]; Cook v Cook, 142 AD3d 530, 533 [2016]). In determining whether such a change exists, the court must determine whether the totality of the circumstances justifies modification (see Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]; Matter of Spencer v Killoran, 147 AD3d 862, 863 [2017]; Matter of Lazo v Cherrez, 121 AD3d 999, 1001 [2014]). “Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child [ren], the ability of each parent to provide for the child [ren] ⅛ emotional and intellectual development, the financial status and ability of each parent to provide for the child [ren], the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child [ren]’s relationship with the other parent” (Mohen v Mohen, 53 AD3d 471, 473 [2008] [internal quotation marks omitted]; see Matter of Moran v Cortez, 85 AD3d 795, 796 [2011]). Since custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court’s determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]; Weisberger v Weisberger, 154 AD3d 41 [2d Dept 2017]).
 

 Here, the Family Court’s determinations that there had been a change in circumstances since the so-ordered stipulation and that a transfer of residential custody to the father would be in the children's best interests have a sound and substantial basis in the record (see Matter of Tori v Tori, 103 AD3d 654, 655 [2013]; Matter of Nava v Kinsler, 85 AD3d 1186, 1186 [2011]). The evidence adduced at the hearing regarding, inter alia, the children’s academic and development difficulties and the father’s better ability to care for and attend to the children’s daily needs and academic development, as well as the mother’s interference with the visitation time between the father and the children, supports the determination to transfer residential custody to the father. Willful interference with a noncustodial parent’s right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent (see Matter of Khan-Soleil v Rashad, 111 AD3d 728, 729 [2013]; Matter of Lawlor v Eder, 106 AD3d 739, 740 [2013]). Further, there was evidence adduced which demonstrated the father’s willingness to foster the relationship between the mother and the children.
 

 Accordingly, the Family Court properly granted that branch of the father’s petition which was to modify the custody provisions of the so-ordered stipulation so as to award him residential custody of the children, and awarded the mother parenting time with the children.
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.