Matter of Cornell S.J. v Altemease R.J. (2018 NY Slip Op 06320)





Matter of Cornell S.J. v Altemease R.J.


2018 NY Slip Op 06320


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7164

[*1]In re Cornell S.J., Petitioner-Respondent,
v
Altemease R.J., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Jeanette Zelhof, Mobilization for Justice, New York (Arlene Joan Rodriguez of counsel), for respondent.
John R. Eyerman, New York, attorney for the children.



Order, Family Court, Bronx County (Linda Tally, J.), entered on or about June 9, 2017, which granted petitioner-respondent's petitions seeking guardianship of the subject children and dismissed respondent-appellant's custody petitions, unanimously modified, on the law and on the facts, to the extent of remanding the matter to Family Court for the establishment of an appropriate visitation schedule consistent herewith and, otherwise affirmed, without costs.
Someone other than a parent has standing to seek custody of a child only if there are extraordinary circumstances (see Matter of Baby Doe, 4 Misc 3d 693, 694 [Fam Ct, Kings County 2004], citing Matter of Bennett v Jeffreys, 40 NY2d 543 [1976]). Here, the children's adoptive mother (their great-grandmother), abandoned the children for five days without any adult care after she had an argument with her son, the children's grandfather. After a brief return, she left again and failed to contact them, provide for them or visit them for almost 11 months. It was not until the children's grandfather brought this guardianship proceeding that the great-grandmother came forward to file these petitions for custody and a writ of habeas corpus. Given the totality of the situation, the record shows that extraordinary circumstances exist warranting a guardianship award of the children to petitioner, their grandfather, because it is in the children's best interests (see Matter of Denys O.H. v Vilma A.G., 108 AD3d 711 [2d Dept 2013]; SCPA 1707[1]; see also Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]; Matter of China S. [Tonia J.- Levon S.], 77 AD3d 568 [1st Dept 2010]).
The evidence showed that the grandfather had consistently been the children's primary caregiver, taking care of all of their needs, while respondent, their great-grandmother, had little or no contact with them during her absence. During that period, the children were, by all accounts, happy and well-cared for, and living with their older sibling, who had been entrusted to petitioner's guardianship with the great-grandmother's consent. Through their attorney, the children expressed their wish to remain with their grandfather and that they are uncomfortable with their great-grandmother, who reportedly hit the children (see e.g. Matter of Reven W. v Jenny Virginia D., 107 AD3d 445 [1st Dept 2013]).
Although Family Court correctly granted visitation to the great-grandmother, who had cared for the children for many years after their adoption, visitation should not have been conditioned on the children's (ages 9 and 11) consent and the parties' agreement. Visitation is a joint right of the noncustodial parent, here the adoptive mother, and of the children (Weiss v Weiss, 52 NY2d 170, 175 [1981]). Although the children have a fractured relationship with their adoptive mother, a reasonable visitation schedule should have been set with her. At a minimum, supervised visitation would have alleviated the children's concerns. Not only is it untenable for these parties to set up their own visitation schedule, there is an insufficient showing that visitation would be detrimental to the children. "A court may not delegate its authority to [*2]determine visitation to either a parent or a child" (William-Torand v Torand, 73 AD3d 605, 606 [1st Dept 2010]; see also Matter of Leah S., 61 AD3d 1402 [1st Dept 2009]). Consequently, we remand this matter so that Family Court can, at a minimum, establish an appropriate supervised access schedule for the great-grandmother with the children and for the allocation of any other suitable resources to restore their relationship.
We have considered the great-grandmother's other objections to the appointment of her son as the children's guardian and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK