Matter of Errante v Murry (2019 NY Slip Op 03333)





Matter of Errante v Murry


2019 NY Slip Op 03333


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-07373
 (Docket Nos. V-03942-16/16A/B/C, V-03943-16/16A/B/C)

[*1]In the Matter of Agatha Errante, appellant,
v
Jaime Murry, respondent.


Adelola Sheralynn Dow, Staten Island, NY, for appellant.
Catherine S. Bridge, Staten Island, NY, for respondent.
Rosa P. Tragni, Staten Island, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an amended order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated May 22, 2018. The amended order, after a hearing, denied the mother's petition, in effect, to modify the parties' judgment of divorce so as to award her sole legal custody of the parties' children and modify the father's parental access schedule.
ORDERED that the amended order is reversed, on the law and the facts, without costs or disbursements, the mother's petition, in effect, to modify the parties' judgment of divorce so as to award her sole legal custody of the parties' children and modify the father's parental access schedule is granted, the father shall have access to the children's health, education, and general welfare providers and records, the mother shall sign any releases necessary for the father's access, and the matter is remitted to the Family Court, Richmond County, for a hearing and, thereafter, a determination of a parental access schedule for the father and the children that is in the best interests of the children; and it is further,
ORDERED that, in the interim, and pending further order of the Family Court, Richmond County, the father shall have parental access with the children every Saturday from 8:30 a.m. until 7:00 p.m., with pick up and drop off at the 123rd Precinct station house.
The parties were married in 2007, and have two children together. On November 26, 2012, the parties executed a separation agreement, which, inter alia, provided for joint legal custody of the children, with residential custody to the mother and a detailed parental access schedule, including weekly, school break, summer, and holiday parental access, for the father. The separation agreement was incorporated but not merged into the parties' judgment of divorce dated April 5, 2013.
In 2016, the mother filed a petition, in effect, to modify the judgment of divorce, alleging that a change in circumstance warranted an award of sole legal custody of the children to her and a modification of the father's parental access schedule. The Family Court, after a hearing, denied the petition, finding that the mother failed to establish a change in circumstances. The mother appeals.
" Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]'" (Matter of Spencer v Killoran, 147 AD3d 862, 863, quoting Matter of O'Shea v Parker, 116 AD3d 1051, 1051; see Matter of Scheiner v Henig, 155 AD3d 874, 874-875; Matter of Bullard v Clark, 154 AD3d 846; Weisberger v Weisberger, 154 AD3d 41; Matter of Nixon v Ferrone, 153 AD3d 625). " [I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court's] determination should be disturbed only if it lacks a sound and substantial basis in the record'" (Bondarev v Bondarev, 152 AD3d 482, 482, quoting Matter of Bacchi v Clancy, 101 AD3d 993, 993).
Here, the Family Court's determination that there had been no change in circumstances requiring a transfer of legal custody to the mother and a modification of the father's parental access schedule lacks a sound and substantial basis in the record (see Luizzi v Collins, 28 AD3d 666; Matter of Acosta v Acosta, 259 AD2d 747). The record demonstrates that the parties' relationship deteriorated after they entered into the separation agreement, necessitating a Family Court order of protection and a Criminal Court order of protection against the father. The record also establishes that the father habitually insulted and belittled the mother, and demonstrated a lack of interest in making decisions concerning the children, including having the parties' son evaluated for learning disabilities. Additionally, the parties cannot communicate with each other about the well-being of the children and failed to adhere to the weekend parental access schedule set forth in their separation agreement.
Accordingly, the mother's petition, in effect, to modify the parties' judgment of divorce so as to award her sole legal custody of the parties' children and modify the father's parental access schedule should have been granted, and the matter must be remitted to the Family Court, Richmond County, for a hearing and, thereafter, a determination of a parental access schedule for the father and the children that is in the best interests of the children.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court