Matter of Belinda J. v Tyrone J. (2019 NY Slip Op 05499)





Matter of Belinda J. v Tyrone J.


2019 NY Slip Op 05499


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9843A 9843

[*1] In re Belinda J., Petitioner-Respondent,
v
Tyrone J., Respondent-Appellant. 
Bethany J., et al., Nonparty Appellants.


Richard L. Herzfeld, New York, for Tyrone J., appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children appellants.
Andrew J. Baer, New York, for respondent.



Order, Supreme Court, Bronx County (Diane Kiesel, J.), entered on or about October 13, 2017, which granted the mother final custody of the subject children with visitation to father, unanimously affirmed, as to the three youngest children, without costs, and appeals therefrom otherwise dismissed, without costs, as moot. Appeals from order, same court and Justice, entered on or about October 11, 2017, unanimously dismissed, without costs, as subsumed within the appeals from the order entered on or about October 13, 2017.
The record supports the court's determination, after a hearing, where it had the opportunity to evaluate the testimony and credibility of the parties, to grant the mother custody of the parties' children (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). The court appropriately considered the fact that a final order of protection had been issued against the father based on allegations of domestic violence against the mother (Domestic Relations Law § 240[1][a]), as the issuance of such an order required proof of domestic violence by a "fair preponderance of the evidence" (Family Court Act § 832). The court also took appropriate consideration of the children's expressed preferences (Eschbach, 56 NY2d at 173), which are entitled to consideration, but are not determinative (William-Torand v Torand, 73 AD3d 605, 606 [1st Dept 2010]).
We have considered the appellants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK