Matter of Mondschein v Mondschein (2019 NY Slip Op 06395)





Matter of Mondschein v Mondschein


2019 NY Slip Op 06395


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-07714
 (Docket No. V-07158-11/18N)

[*1]In the Matter of Elizabeth Mondschein, appellant,
v
Craig Mondschein, respondent.


Elizabeth Mondschein, Scarsdale, NY, appellant pro se.
Craig Mondschein, White Plains, NY, respondent pro se.
Michele L. Bermel, Chappaqua, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Arlene A. Gordon-Oliver, J.), dated June 26, 2018. The order, insofar as appealed from, directed that the mother contact the subject children directly to arrange for summertime parental access.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Family Court, Westchester County, for a full evidentiary hearing on the mother's petition and a forensic evaluation, if warranted, and a new determination thereafter.
The mother and the father are the divorced parents of three daughters, two of whom remain minors, having been born in 2003 and 2006. Pursuant to the custody provisions set forth in a stipulation of settlement, incorporated but not merged in the judgment of divorce dated April 14, 2011, the parties had joint legal custody and the mother had physical custody of the three children. By order of the Family Court entered December 20, 2013, the custody and parental access arrangements were modified such that the father was awarded sole legal and physical custody of the two unemancipated children and the mother was awarded supervised parental access. The order of modification was affirmed on appeal to this Court (see Matter of Mondschein v Mondschein, 122 AD3d 636). Thereafter, the mother's access to the children was modified to therapeutic visits, which apparently ceased in 2016.
In 2018, the mother filed a petition relating to her access to the children in the Family Court, Westchester County. On June 1, 2018, the Family Court conducted separate in camera interviews with each child in the presence of the attorney for the children. By order to show cause issued June 12, 2018, the mother moved for parental access and a schedule for such access, and also sought to enforce the summer access schedule set forth in the stipulation of settlement. While the return date of the mother's motion was set for August 21, 2018, the court issued an amended order to show cause, advancing the return date to June 26, 2018. On the return date, the mother and the father appeared before the court, but the attorney for the children did not. The father did not file any [*2]opposition papers to the mother's motion; he asserted that he was not blocking the mother's access to the children and that he had no opposition to the mother having parental access. The father asserted that "if the children want to see her, they have every right and opportunity to see her." However, the court reported that the children had expressed, in the in camera interviews, that they did not want to see the mother. The court ruled that, since the father was not blocking access, it would be up to the mother and the children to arrange for access. While the mother requested that the court set a schedule for alternate weekend access and expressed a willingness to return to therapeutic visitation, the court stated that the mother should make the arrangements with the children. Although no evidentiary hearing was held, the court stated that the father had done all that he could to encourage access and that it was now up to the mother to resolve the issues directly with the children. The court reported that it had told the children that it would tell the mother to work the issues out directly with them. The court then issued a written order dated June 26, 2018, which provided that the father was to provide the mother with the children's cell phone numbers and that the mother should contact the children directly to arrange for summertime parental access. The mother appeals.
A court may not delegate its authority to determine parental access to either a parent or a child (see Matter of Izrael J. [Lindsay F.], 149 AD3d 630; William-Torand v Torand, 73 AD3d 605, 606). While a child's views are to be considered in determining custody or parental access, they are not determinative (see e.g. Obey v Degling, 37 NY2d 768, 770; see also Matter of Newton v McFarlane, 174 AD3d 67, 83). An access provision which is conditioned on the desires of the children tends to defeat the right of parental access (see William-Torand v Torand, 73 AD3d at 606; Matter of Casolari v Zambuto, 1 AD3d 1031). Here, the Family Court determined that it would not compel either child to visit with the mother. Because the order appealed from effectively conditions the mother's parental access on the children's wishes and leaves the determination as to whether there should be access at all to the children, it must be set aside (see William-Torand v Torand, 73 AD3d at 606). The Family Court made its determination based only upon its review of the papers, the in camera interviews, and the colloquy with the unrepresented parties, which occurred in the absence of the attorney for the children. The court did not conduct a hearing, did not direct a forensic examination, and did not seek information from the clinicians involved in the lapsed therapeutic visits. Although there are indications in the record that the mother's parenting skills may be less than ideal, and she may bear at least some responsibility for her estrangement from the children, the record before us is inadequate to support the Family Court's refusal to order, at the least, the resumption of therapeutic visits. Furthermore, the court's finding that the father had done all that he could to encourage the children to visit with the mother was based solely upon the in camera interviews and was not based on any sworn testimony, and the mother was not afforded the opportunity to challenge, either by her own evidence or through cross-examination, the father's assertions. Under the circumstances, the court's determination lacks a sound and substantial basis in the record (see Matter of Dupont v Gaston, 173 AD3d 738, 740; Weisberger v Weisberger, 154 AD3d 41, 52).
For the foregoing reasons, we reverse the order insofar as appealed from, and remit the matter to the Family Court, Westchester County, for a full evidentiary hearing on the mother's petition and a forensic evaluation, if warranted, and a new determination thereafter.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court