Matter of Lewis-Daniel v Daniel (2019 NY Slip Op 07398)





Matter of Lewis-Daniel v Daniel


2019 NY Slip Op 07398


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-01525
 (Docket Nos. V-20932-13/17G, V-20933-13/17G, V-7035-13/17H, V-7036-13/17H)

[*1]In the Matter of Marcia Lewis-Daniel, respondent,
v
Lennox Daniel, appellant. (Proceeding Nos. 1 and 2)
In the Matter of Lennox Daniel, appellant,
v
Marcia Lewis-Daniel, respondent. (Proceeding Nos. 3 and 4)


Lennox Daniel, Brooklyn, NY, appellant pro se.
Kenneth M. Tuccillo, Hastings on Hudson, NY, for respondent.
Janet Neustaetter, Brooklyn, NY (Nesta N. Johnson of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated December 21, 2017. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was, in effect, to modify the custody provisions of a stipulation of settlement dated June 11, 2012, which was incorporated but not merged into a judgment of divorce dated September 5, 2012, so as to award her sole legal custody of the parties' children.
ORDERED that the order dated December 21, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on October 28, 2006, and have two children together. On June 11, 2012, the parties executed a stipulation of settlement (hereinafter stipulation), providing, inter alia, for joint legal custody of the children, with residential custody to the mother. The stipulation was incorporated into, but did not merge with, the parties' judgment of divorce dated September 5, 2012.
In 2017, the mother filed a petition, inter alia, in effect, to modify the custody provisions of the stipulation so as to award her sole legal custody of the children. In an order dated December 21, 2017, after a hearing, the Family Court granted that branch of the petition. The father appeals.
" Modification of an existing court-sanctioned custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]'" [*2](Matter of Spencer v Killoran, 147 AD3d 862, 863, quoting Matter of O'Shea v Parker, 116 AD3d 1051, 1051; see Matter of Scheiner v Henig, 155 AD3d 874, 874-875; Matter of Bullard v Clark, 154 AD3d 846). " [I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court's] determination should be disturbed only if it lacks a sound and substantial basis in the record'" (Bondarev v Bondarev, 152 AD3d 482, 482, quoting Matter of Bacchi v Clancy, 101 AD3d 993, 993).
Here, the Family Court's determination that there had been a change in circumstances requiring a transfer of legal custody is supported by a sound and substantial basis in the record (see Bondarev v Bondarev, 152 AD3d at 482; Matter of Bacchi v Clancy, 101 AD3d at 993). The record demonstrates that the parties' relationship deteriorated after the judgment of divorce was entered, resulting in two orders modifying the parental access provisions of the stipulation. Furthermore, the record establishes that when the parties' son needed a surgery to address his complaints of pain, the mother scheduled the surgery after consultation with the child's doctors, only to have the father unilaterally cancel the surgery. In addition, the parties have not been able to agree on whether their daughter should wear braids, and after the father had the daughter's braids cut on several occasions, the court granted the mother's application to direct the father not to modify the children's hair. The parties further cannot agree on issues related to establishing a college fund for the children or the son's baptism. Moreover, the court's determination that an award of sole legal custody to the mother would be in the children's best interests is supported by a sound and substantial basis in the record (see Bondarev v Bondarev, 152 AD3d at 482). Therefore, we agree with the court's determination granting that branch of the mother's petition which was, in effect, to modify the stipulation so as to award her sole legal custody of the children.
The father's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court