Matter of Catherine L. v Jeffrey S. (2019 NY Slip Op 08941)





Matter of Catherine L. v Jeffrey S.


2019 NY Slip Op 08941


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10559

[*1] In re Catherine L., Petitioner-Appellant,
v
Jeffrey S., Respondent-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
The Law Offices of Salihah R. Denman, PLLC, Harrison (Salihah R. Denman of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc, New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 26, 2018, which, to the extent appealed from as limited by the briefs, after a hearing, granted petitioner father's petition to relocate with the parties' child to Georgia, unanimously modified, on the law, to the extent of remanding the matter for further proceedings to determine an appropriate visitation schedule, and otherwise affirmed, without costs.
The court considered all of the relevant factors and properly concluded that the proposed relocation would serve the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]). The father has been the child's primary caregiver for the past four years, and the father showed that a move to Georgia would improve the child's quality of life (see Matter of Kevin McK. v Elizabeth A.E., 111 AD3d 124, 131 [1st Dept 2013]; Matter of Melissa Marie G. v John Christopher W., 73 AD3d 658 [1st Dept 2010]]. The father has also demonstrated a commitment to fostering a relationship between the child and the mother (see Sonbuchner v Sonbuchner, 96 AD3d 566, 567 [1st Dept 2012]).
However, Family Court erred in failing to determine an appropriate visitation plan. Given the parties' historic difficulty communicating with each other and the mother's history of mental illness that led to the child's removal from her care and which was untreated at the time of trial, it was unrealistic to expect the parties to cooperate in effectuating appropriate visitation (see Spencer v Killoran, 147 AD3d 862, 863 [2d Dept 2017]). Moreover, Family Court's order essentially delegated the
court's authority to determine visitation to the father, which it may not do (In re Izrael J., 149 AD3d 630 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK