Matter of British R. (Shavon J.) (2019 NY Slip Op 09111)





Matter of British R. (Shavon J.)


2019 NY Slip Op 09111


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10625

[*1] In re British R. and Another, Children under Eighteen Years of Age, etc., Shavon J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.
In re Joshua R., Petitioner-Respondent,
and
Shavon J., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Georgia Pestana, Acting Corporation Counsel, New York (Susan Paulson of counsel), for Administration for Children's Services, respondent.
Thomas R. Villecco, Jericho (Thomas R. Villecco of counsel), for Joshua R., respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children.



Order of disposition and custody, Family Court, Bronx County (Monica D. Shulman, J.), entered on or about January 7, 2019, which, to the extent appealed from as limited by the briefs, upon releasing the children to the father and granting him custody, granted the mother supervised visitation with the children, with conditions, unanimously modified, on the law, to remand to Family Court for further proceedings to determine a supervised visitation schedule, and otherwise affirmed, without costs.
Family Court's determination that supervised visitation by the mother would be in the children's best interest has a sound and substantial basis in the record (see Michael Evan W. v Pamela Lyn B., 152 AD3d 414 [1st Dept 2017], lv denied 30 NY3d 910 [2018]). The court considered testimony indicating that the mother is not in the position to be the caregiver of the subject children, including evidence of her aggressive and confrontational behavior with agency staff and the father, and her noncompliance with court orders concerning visitation.
However, given the mother's history of aggressive behavior toward the father and visitation supervisors, it was unlikely that the parties would be able to effectuate appropriate visitation (see Matter of Spencer v Killoran, 147 AD3d 862, 863 [2d Dept 2017], lv dismissed 29 NY3d 994 [2017]). Moreover, Family Court's order essentially delegated the court's authority to determine visitation to the father, which it may not do (Matter of Izrael J.[Lindsay F.], 149 AD3d 630 [1st Dept 2017]). Accordingly, the matter should be remanded to the Family Court for further proceedings to establish a visitation plan, including, but not limited to, a specific schedule and identification of an appropriate supervisor or supervisors (id.; Spencer, 147 AD3d at 863).
The mother's claim that she was deprived of her fundamental right to counsel by the [*2]court's instruction that she not communicate with her attorney about her past or anticipated testimony during breaks in the hearing is unpreserved, given that her counsel was present and available to protest (see People v Umali, 10 NY3d 417, 423 [2008], cert denied 556 US 1110 [2009]). We decline the mother's request to take corrective action in the interest of justice with respect to that issue.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK