Matter of Acosta v Melendez (2020 NY Slip Op 00409)





Matter of Acosta v Melendez


2020 NY Slip Op 00409


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-10312
 (Docket Nos. V-9183-15/16B, V-9184-15/16B, V-9185-15/16B, V-9186-15/16B)

[*1]In the Matter of Julissy Acosta, respondent,
v
Edward M. Melendez, appellant.


Michael A. Fietcher, Bellmore, NY, for appellant.
Denise S. Siler, New York, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, the father appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated July 31, 2018. The order, insofar as appealed from, after a combined fact-finding and dispositional hearing, granted the mother's petition to modify an order of the same court dated April 14, 2015, so as to award her sole legal and physical custody of the children Serina M. and Samuel M., directed that the father was to have supervised parental access with the children Serina M. and Samuel M., supervised by "Ms. Prescott (the respondent father's paramour) or any another persons [sic]" agreed upon by the father and the mother, and directed that the parental access schedule "shall be as arranged between the parents and the [parental access] supervisor."
ORDERED that the order dated July 31, 2018, is modified, on the law, by deleting the provision thereof directing that the father's parental access schedule "shall be as arranged between the parents and the [parental access] supervisor"; as so modified, the order dated July 31, 2018, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, to set forth, with all convenient speed, a schedule for the father's supervised parental access with the children Serina M. and Samuel M.
After a fact-finding hearing, the Family Court granted the petition of the Administration for Children's Services (hereinafter ACS), seeking a determination that the father abused the child Ariana M. and thereby derivatively neglected and/or abused her half-siblings, the children Serina M. and Samuel M., and that the father also directly neglected Serina M. and Samuel M. After a combined hearing as to the court's determination in the Family Court Act article 10 proceeding and the mother's custody modification petition, the court, in an order dated July 31, 2018, granted the mother's modification petition, awarded her sole legal and physical custody of Serina M. and Samuel M., and directed that the father would have supervised parental access.
" Modification of an existing court-sanctioned custody or [parental access] [*2]arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]'" (Matter of Spencer v Killoran, 147 AD3d 862, 863, quoting Matter of O'Shea v Parker, 116 AD3d 1051, 1051; see Matter of Scheiner v Henig, 155 AD3d 874, 874-875). " [I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court's] determination should be disturbed only if it lacks a sound and substantial basis in the record'" (Bondarev v Bondarev, 152 AD3d 482, 482, quoting Matter of Bacchi v Clancy, 101 AD3d 993, 993).
We agree with the Family Court's determination that the mother established a change in circumstances warranting a modification of the custody arrangement, from joint custody to sole legal and physical custody to the mother. The court admitted into evidence its prior fact-finding order determining that the father sexually abused Ariana M., derivatively neglected Serina M. and Samuel M., and directly neglected Serina M. and Samuel M. The father's service plan included completion of an anger management course, a parenting course, and a sex offender's program, but he admitted that he had failed to complete these services. He refused to attend a sex offender's program. The evidence further included the testimony of an ACS caseworker that the mother provided a loving and safe home for the children, met their needs, and fully cooperated with an investigation by ACS. The mother testified that she could not consult with the father about decisions as to the children and that at times, the father was "very aggressive and very angry and very passionate" and that she found it "intimidating and difficult" to speak to him. Thus, we agree with the court's determination that joint custody was no longer in the best interests of the children and that sole custody should be awarded to the mother (see Matter of Troy SS. v Judy UU., 69 AD3d 1128; Granata v Granata, 289 AD2d 527; Matter of Oldfield v Robinson, 267 AD2d 530, 531-532).
However, we agree with the father that the matter should be remitted to the Family Court to set forth a parental access schedule. "A court may not delegate its authority to determine parental access to either a parent or a child" (Matter of Mondschein v Mondschein, 175 AD3d 686, 687; see Matter of Izrael J. [Lindsay F.], 149 AD3d 630). Here, the order appealed from effectively conditions the father's parental access on the mother's wishes and leaves the determination as to whether there should be access at all to the mother. Therefore, that portion of the order must be vacated (see Matter of Mondschein v Mondschein, 175 AD3d at 687-688), and the matter remitted to the Family Court, Kings County, to set forth a parental access schedule with all convenient speed.
The father's remaining contention is without merit.
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court