Matter of Solomon v Fishman (2020 NY Slip Op 01352)





Matter of Solomon v Fishman


2020 NY Slip Op 01352


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
PAUL WOOTEN, JJ.


2018-08743
2018-08934
 (Docket Nos. V-8186-14/15B/17P, V-8187-14/15B/17P, V-8188-14/15B/17P, V-8189-14/15B/17P)

[*1]In the Matter of Jennifer Solomon, respondent,
v
Marc Fishman, appellant. (Proceeding No. 1.)
In the Matter of Marc Fishman, appellant,
v
Jennifer Solomon, respondent. (Proceeding No. 2.)


Del Atwell, East Hampton, NY, for appellant.
Legal Services of the Hudson Valley, White Plains, NY (Nicole E. Feit of counsel), for respondent.
Kathleen M. Hannon, Scarsdale, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of fact-finding of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 13, 2018, and (2) an order of protection of the same court, also dated June 13, 2018. The order of fact-finding, after a hearing, granted the mother's petition to modify the parties' so-ordered agreement dated May 5, 2014, so as to award her sole legal and residential custody of the parties' children, and denied the father's cross petition to enforce that agreement. The order of protection, inter alia, directed the father to stay away from the children, their home, and their schools, except for certain supervised parental access, until and including June 13, 2019.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order of protection is dismissed as academic, without costs or disbursements.
The parties were divorced in 2012, and are the parents of four children. On May 5, 2014, the parties entered into a so-ordered agreement providing, inter alia, for joint legal custody of the children, with the mother having physical custody and final decision-making power, and the father having alternate weekend and midweek parental access with the children (hereinafter the May 2014 agreement). Thereafter, the mother filed certain petitions, including a family offense petition against the father, and the Family Court entered temporary orders of protection and interim parental access orders. In 2015, the mother filed a petition to modify the May 2014 agreement, so as to award her sole legal and residential custody of the children. The father cross-petitioned to enforce the May [*2]2014 agreement. After a fact-finding hearing, the court granted the mother's petition and denied the father's cross petition. Further, the court issued an order of protection directing, inter alia, the father to stay away from the children, their home, and their schools, except for certain supervised parental access, until and including June 13, 2019.
The order of protection expired by its own terms on June 13, 2019, and the determination of the appeal from that order would, under the facts of this case, have no direct effect upon the parties (see Matter of Linda F. [Jose F.], 119 AD3d 944, 945). Further, under the facts of this case, the issuance of that order of protection did not constitute a "permanent and significant stigma which might indirectly affect the [father's] status in potential future proceedings" (Matter of McClure v McClure, 176 AD2d 325, 326 [internal quotation marks omitted]; see Matter of Melikishvili v Grigolava, 20 AD3d 569, 570). Accordingly, we dismiss the appeal from the order of protection as academic.
" Modification of an existing court-sanctioned custody or [parental access] arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]'" (Matter of Spencer v Killoran, 147 AD3d 862, 863, quoting Matter of O'Shea v Parker, 116 AD3d 1051, 1051; see Matter of Lewis-Daniel v Daniel, 176 AD3d 940). " [I]nasmuch as custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [court's] determination should be disturbed only if it lacks a sound and substantial basis in the record'" (Bondarev v Bondarev, 152 AD3d 482, 482, quoting Matter of Bacchi v Clancy, 101 AD3d 993, 993).
Here, the Family Court's determination that there had been a change in circumstances requiring a transfer of legal custody is supported by a sound and substantial basis in the record (see Matter of Lewis-Daniel v Daniel, 176 AD3d at 940; Bondarev v Bondarev, 152 AD3d at 482). Moreover, the court's determination that an award of sole legal and residential custody to the mother would be in the children's best interests is supported by a sound and substantial basis in the record (see Bondarev v Bondarev, 152 AD3d at 482). The record demonstrates that certain behavior by the father has resulted in both fear and anxiety in the children. Moreover, the parties' relationship deteriorated after they entered into the May 2014 agreement. Therefore, we agree with the court's determination granting the mother's petition so as to award her sole legal and residential custody of the children, and denying the father's cross petition.
The father's remaining contentions are without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and WOOTEN, JJ., concur.

2018-08743 DECISION & ORDER ON MOTION
2018-08934
In the Matter of Jennifer Solomon, respondent,
v Marc Fishman, appellant.
(Proceeding No. 1)
In the Matter of Marc Fishman, appellant,
v Jennifer Solomon, respondent.
(Proceeding No. 2)
(Docket Nos. V-8186-14/15B/17P, V-8187-14/15B/17P,
V-8188-14/15B/17P, V-8189-14/15B/17P)

Motion by the appellant to strike the brief of the attorney for the children on the ground that the brief refers to matter dehors the record. By decision and order on motion of this [*3]Court dated December 4, 2019, inter alia, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion is granted to the extent that the last paragraph on page 14 of the brief of the attorney for the children is stricken and has not been considered on the appeals; and it is further,
ORDERED that the motion is otherwise denied.
RIVERA, J.P., BALKIN, LEVENTHAL and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court