People v Jeter (2023 NY Slip Op 51084(U))

[*1]

People v Jeter (Mudhil)

2023 NY Slip Op 51084(U)

Decided on October 16, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 16, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570184/16

The People of the State of New York, Respondent,
against
Mudhil Jeter, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered December 11, 2015, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered December 11, 2015, affirmed.
Defendant was charged in an accusatory instrument with, inter alia, two counts of assault in the third degree (see Penal Law § 120.00[1],[2]), endangering the welfare of a child (see Penal law § 260.10[2]) and harassment in the second degree (see Penal Law § 240.26[1]) stemming from allegations that he struck the complainant in the face with a closed fist and kicked her about the body during a domestic dispute, causing a laceration to complainant's lip and bruising to her ribs. The instrument further alleged that defendant and complainant's shared daughter "was present" during the incident. The People moved to dismiss the endangering the welfare of a child charge and, pursuant to a plea agreement, defendant pleaded guilty to one count of third degree assault. On appeal, defendant challenges the inclusion of his daughter's name on the March 2, 2015 order of protection because she was not a witness to the altercation and requests that this Court modify that order by removing her name.
The order of protection expired by its own terms in 2020, and defendant has not demonstrated - or even argued - that a determination of the appeal from that order would have a direct effect upon the parties (see Matter of Solomon v Fishman, 180 AD3d 1051, 1052 [2020], lv denied 35 NY3d 910 [2020]). Nor has defendant demonstrated that the inclusion of his daughter in the now-expired order of protection imposes "significant enduring consequences" for him (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; see Matter of Melikishvili v Grigolava, 20 AD3d 569, 570 [2005]). 
Were we to reach the merits, we would find that the inclusion of defendant's daughter's name in the order was proper because an order of protection may be issued in favor of a designated witness of an offense as well as the "victim or victims of the offense and such members of the family or household of such victim or victims as shall be specifically named by the court in such order" (CPL 530.13[4][b]; see CPL 530.12 [5][a],[c],[d]; People v Shampine, 31 AD3d 1163, 1164 [2006]; People v Goodband, 291 AD2d 584, 585 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2023