Matter of Amy K. v Jeffrey L. (2025 NY Slip Op 04945)

Matter of Amy K. v Jeffrey L.

2025 NY Slip Op 04945

Decided on September 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 11, 2025

CV-24-0219
[*1]In the Matter of Amy K., Respondent,
v
Jeffrey L., Appellant. (And Another Related Proceeding.)

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Christopher Hammond, Cooperstown, for appellant.
Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for respondent.
Joan E. Mencel, Endwell, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Cortland County (David Alexander, J.), entered December 27, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2012). The child lived with the father beginning in infancy and, pursuant to a May 2019 order entered on consent, the father had sole legal and physical custody of the child, with parenting time for the mother on alternate weekends. Five months after entry of the consent order, the mother filed, as relevant here, a violation petitionclaiming that the father was interfering with her parenting time. Following a fact-finding hearing, Family Court adjudged the father in contempt of court for refusing to comply with the parenting time provisions of the consent order. The court imposed a six-month jail sentence, to be suspended so long as the father complied with the terms of that order. The court subsequently found the father to be in willful violation of the suspended judgment and ordered him to serve the period of incarceration.
The mother then filed a modification petition, claiming a change in circumstances due to the father's incarceration and seeking sole custody of the child with parenting time for the father. Upon the father's consent, Family Court awarded the mother temporary custody. Following his release from jail, the father filed a petition to regain custody of the child. At the conclusion of fact-finding and Lincoln hearings, the court granted the mother's petition and dismissed the father's petition, finding that it was in the child's best interests for the mother to have sole legal and primary physical custody and for the father to have parenting time every other week from Wednesday through Sunday, with additional time as the parties agree. The father appeals.[FN1]
As there is no dispute over whether there has been a change in circumstances, "we focus our inquiry on whether Family Court's custody and parenting time determinations serve the best interests of the child[ ]" (Matter of Brett J. v Julie K., 209 AD3d 1141, 1143 [3d Dept 2022]). In analyzing the child's best interests, "Family Court must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Sarah I. v Ian J., 233 AD3d 1334, 1335 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 43 NY3d 904 [2025]). "We accord great deference to the factual findings and credibility determinations of Family Court in assessing those factors and rendering [*2]its custodial determination, and we will not disturb that determination so long as it is supported by a sound and substantial basis in the record" (Matter of Robert C. v Katlyn D., 230 AD3d 1392, 1394 [3d Dept 2024] [internal quotation marks and citations omitted]).
In rendering its decision, Family Court expressed particular concern over the father's intrusions into the mother's parenting time. Willful interference with the visitation rights of the other parent "is so inconsistent with the best interests of [a child] as to, per se, raise a strong probability that the offending party is unfit to act as custodial parent" (Heather B. v Daniel B., 125 AD3d 1157, 1160 [3d Dept 2015] [internal quotation marks and citations omitted]; see Matter of Ruiz v Carie, 179 AD3d 1069, 1069-1070 [2d Dept 2020], lv denied 35 NY3d 1002 [2020]; Matter of Faber v Overbaugh, 156 AD3d 1144, 1146 [3d Dept 2017]; Matter of Bullard v Clark, 154 AD3d 846, 847 [2d Dept 2017]). While acknowledging that the child had only come into the mother's custody relatively recently, the court pointed out that the father had repeatedly withheld the child from the mother in the past, to the extent that he was not only held in contempt of court but eventually incarcerated for his ongoing failure to abide by the court-ordered parenting time schedule. The court took note of a video entered into evidence depicting an occasion when the mother attempted to pick up the child for her parenting time and an argument ensued between the mother and the father. Instead of encouraging the child to go with the mother, the father simply told her, "we're done . . . have a good day." In view of this history, the court expressed its "fear[ ] that, if given the opportunity, the [father] will again prevent contact between the subject child and the [mother]." By contrast, the court observed that the mother had not interfered with any of the father's visits and testified that she would foster the relationship between the father and the child.
In addition, Family Court found that the mother had worked to make improvements in various aspects of the child's life since he had moved in with her. The mother's testimony revealed that the child had shown marked academic advancement where he had previously been lagging several grades behind. The mother also ensured that the child was evaluated for ADHD and autism. Upon the child being diagnosed with ADHD, the mother saw to it that he took medication for that condition. Further, the child had learned to brush his teeth and bathe himself since coming into the mother's care and had begun developing new relationships with the mother's relatives.
Notwithstanding the foregoing, the father contends that Family Court gave insufficient weight to his concerns about the mother's supposed alcohol abuse and improperly failed to order the mother to undergo a substance abuse evaluation as recommended by the attorney for the child. We disagree. While the court did recognize that there [*3]was testimony from the parties' adult child that the mother drinks alcohol to excess, the court noted that the adult child no longer lives with the mother and does not have a relationship with her, and further found that there was no proof that the mother drinks excessively in the child's presence.
In light of all of the above, and deferring to Family Court's credibility assessments, we find that there is a sound and substantial basis in the record for the court's determination to award sole legal and physical custody to the mother, with significant parenting time for the father (see Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1202 [3d Dept 2025]; Matter of Michael T. v Dana U., 232 AD3d 1058, 1063 [3d Dept 2024]; Matter of Robert C. v Katlyn D., 230 AD3d at 1395). Accordingly, that determination will not be disturbed.
Lynch, J.P., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The appellate attorney for the child is supportive of the father's position.