Matter of Mercedes v Mercedes (2020 NY Slip Op 06127)





Matter of Mercedes v Mercedes


2020 NY Slip Op 06127


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2019-06143 
2019-06144
 (Docket Nos. V-14007-14, V-14008-14, V-14922-14, V-14923-14, V-14922-14/16J, V-14923-14/16J)

[*1]In the Matter of Francisco Mercedes, appellant,
v
Rhina Mercedes, respondent.


Mark Diamond, New York, NY, for appellant.
Maricel Gonzalez, Jamaica, NY, for respondent.
Rhonda R. Weir, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Queens County (Marilyn L. Zarello, Ct. Atty. Ref.), dated May 9, 2019, and (2) an order of the same court dated May 2, 2019. The order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was to modify an order of custody and parental access so as to award him sole custody of the parties' children.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are divorced and have two children, born in 2006 and 2008, respectively. The mother and the father consented to an order of joint custody dated March 12, 2015, with physical custody to the mother, and parental access to the father. Several months later, both parties filed petitions alleging a change in circumstances and seeking sole custody. After a hearing, the Family Court denied those branches of the petitions seeking sole custody. The father appeals.
A court may modify an order awarding custody and parental access upon a showing that there has been a subsequent change in circumstances and that modification is in the best interests of the children (see Matter of Al-Dalali v Rivera, 171 AD3d 729). The best interests of the children are determined by a review of the totality of the circumstances, including the existence of a prior agreement, the quality of the home environment and the parental guidance provided, the ability of each parent to provide for the children's emotional and intellectual development, financial status and ability of each parent to provide for the children, the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Norfleet v Williams, 116 AD3d 865).
The authority of the Appellate Division in matters of custody is as broad as that of the Family Court, keeping in mind that the court which heard the matter had the advantage of observing the demeanor of the witnesses and assessing their credibility (see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946; Matter of Follini v Currie, 176 AD3d 1203). The court's credibility findings should be accorded great weight, and its custody determinations should not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Dedrick v Cussano, 167 AD3d 876).
Here, the Family Court's determination has a sound and substantial basis in the record. At the hearing, the father failed to show a change in circumstances from the time the order of joint custody was issued to the time the father filed his petition for modification of custody (see Matter of Valencia v Ripley, 128 AD3d 711). While there was evidence that the parties failed to communicate with each other, the evidence did not show that the parties' relationship had become so acrimonious as to warrant a change in custody in the best interests of the children (see Matter of Watson v Smith, 52 AD3d 615).
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court