Laura W. v John U. (2025 NY Slip Op 04684)

Laura W. v John U.

2025 NY Slip Op 04684

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-06631
 (Index No. 63925/18)

[*1]Laura W. (Anonymous), respondent,
v
John U. (Anonymous), defendant-appellant; A.U., nonparty-appellant.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Lisa Colosi Florio, and Steven Still of counsel), for defendant-appellant.
Donna E. Abrams, White Plains, NY, attorney for the child, the nonparty appellant.
Wiederkehr Law Group, P.C., White Plains, NY (Evan Wiederkehr of counsel), for respondent.

DECISION & ORDER
In a matrimonial action, which was consolidated with a family offense proceeding pursuant to Family Court Act article 8, the defendant appeals, and the parties' child separately appeals, from an order of the Supreme Court, Westchester County (James L. Hyer, J.), dated July 9, 2024. The order, insofar as appealed from by the defendant, after a hearing, (1) found that the defendant committed the family offense of harassment in the second degree, (2) granted that branch of the plaintiff's motion which was to modify the parties' judgment of divorce of the same court (Lewis J. Lubell, J.) dated January 12, 2021, and two stipulations of settlement dated September 11, 2020, and November 13, 2020, respectively, so as to award the plaintiff sole legal and physical custody of the child with supervised parental access to the defendant, (3) directed the issuance of an order of protection against the defendant and in favor of the plaintiff and an order of protection against the defendant and in favor of the child, each for a period of five years, and, (4) in effect, denied those branches of the defendant's cross-motion which were to modify the parties' judgment of divorce and two stipulations of settlement so as to award the defendant sole legal and physical custody of the child and for the entry of an order of protection against the plaintiff and in favor of the defendant and the child, and (5) dismissed the defendant's family offense petition against the plaintiff and vacated any orders of protection issued against the plaintiff. The order, insofar as appealed from by the parties' child, after a hearing, (1) granted that branch of the plaintiff's motion which was to modify the parties' judgment of divorce and stipulations of settlement so as to award the plaintiff sole legal and physical custody of the child with supervised parental access to the defendant, (2) directed the issuance of an order of protection against the defendant and in favor of the child for a period of five years, and, (3) in effect, denied that branch of the defendant's cross-motion which was to modify the parties' judgment of divorce and stipulations of settlement dated September 11, 2020, and November 13, 2020, respectively, so as to award the defendant sole legal and physical custody of the child.
ORDERED that the order dated July 9, 2024, is modified, on the law and on the facts, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an [*2]order of protection against the defendant and in favor of the child, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child. Following the commencement of an action for a divorce and ancillary relief, the parties entered into two stipulations of settlement dated September 11, 2020, and November 13, 2020, respectively, by which they agreed to joint legal custody of the child with the plaintiff having primary physical custody subject to the defendant's scheduled parental access. The parties were divorced by judgment of divorce dated January 12, 2021. On August 21, 2023, the defendant filed a family offense petition against the plaintiff in the Family Court, Westchester County, asserting that the plaintiff had committed a number of family offenses against the child. Based upon these allegations, the Family Court entered a temporary order of protection against the plaintiff and in favor of the child, directing the plaintiff to refrain from conduct against the child constituting a family offense and awarding the defendant temporary custody of the child.
On August 29, 2023, the plaintiff moved in the Supreme Court, inter alia, to remove and consolidate the family offense petition with the matrimonial proceeding, to vacate the temporary order of protection issued against her and in favor of the child, for a temporary order of protection against the defendant in favor of the plaintiff and the child, to direct the defendant to return the child to the plaintiff's custody, and to modify the judgment of divorce and the parties' stipulations of settlement so as to award the plaintiff sole custody of the child, remove the defendant's right to overnight parental access with the child, and permit only supervised parental access to the defendant. Thereafter, on August 30, 2023, the Supreme Court consolidated the defendant's family offense proceeding with the matrimonial proceeding. On August 31, 2023, the court awarded the defendant temporary physical custody of the child with overnight parental access on alternating weekends and daily phone access to the plaintiff, pending a determination of the plaintiff's motion. On September 11, 2023, the defendant cross-moved, inter alia, for a temporary stay away order of protection against the plaintiff and in favor of the defendant and the child, for a final stay away order of protection against the plaintiff and in favor of the defendant and the child, for an award of sole custody of the child, and to modify the parental access schedule to provide the plaintiff with certain parental access with the child or, in the alternative, supervised parental access with the child.
In an order dated July 9, 2024, the Supreme Court, after a hearing, inter alia, found that the defendant committed the family offense of harassment in the second degree and entered an order of protection against the defendant and in favor of the plaintiff for a period of five years, entered a second order of protection against the defendant and in favor of the child for a period of five years, granted those branches of the plaintiff's motion which were to modify the parties' judgment of divorce and stipulations of settlement so as to award the plaintiff sole legal and physical custody of the child with supervised parental access to the defendant, and, in effect, denied those branches of the defendant's cross-motion which were to modify the parties' judgment of divorce and stipulations of settlement so as to award him sole legal and physical custody of the child and for the entry of an order of protection against the plaintiff and in favor of the defendant and the child, dismissed the defendant's family offense petition against the plaintiff, and vacated any orders of protection issued against the plaintiff. The defendant and the child separately appeal.
"In order to modify an existing custody or [parental access] arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Dokmeci v Herbert, 167 AD3d 877, 878 [internal quotation marks omitted]; see Matter of Mercedes v Mercedes, 187 AD3d 1190, 1190). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of DeVita v DeVita, 143 AD3d 981, 982 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Mercedes v Mercedes, 187 AD3d at 1190-1191). The totality of the circumstances includes "whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody [*3]to one parent might have on the child's relationship with the other parent" (Matter of Connolly v Walsh, 126 AD3d 691, 693). "Along with these factors, the court must also consider the stability and continuity afforded by maintaining the present arrangement" (Matter of DeVita v DeVita, 143 AD3d at 982 [internal quotation marks omitted]). "However, since the . . . [c]ourt's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Kim v Becker, 223 AD3d 813, 815 [internal quotation marks omitted]; see Matter of Donkor v Donkor, 198 AD3d 892, 893).
Here, the Supreme Court properly determined that a change in circumstances existed to warrant a change in legal custody, properly concluding that "due to the parties['] severely antagonistic and embattled history, the continued joint legal custody of the [c]hild by the parties is not possible" (see Matter of Haase v Jones, 230 AD3d 774, 777; Matter of Martinez v Gaddy, 223 AD3d 816, 818).
Contrary to the contentions of the defendant and the child, and accepting the credibility determinations of the Supreme Court, there is a sound and substantial basis in the record for the court's determination to award sole legal and physical custody of the child to the plaintiff. As the court determined, the evidence at the hearing revealed the "[d]efendant's pattern of abusive conduct to constitute significant adverse interference with [the] [p]laintiff's relationship with [the child] that has been persistent and insidious" and further that the "[p]laintiff is the parent better able to provide [the child] with a more stable home environment" (see Matter of Haase v Jones, 230 AD3d at 778-779; Matter of Abramson v Shaw, 154 AD3d 744, 745).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Wiley v Wiley, 231 AD3d 841, 842 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Lederman v Lederman, 208 AD3d 483, 484). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (Matter of Wiley v Wiley, 231 AD3d at 842 [internal quotation marks omitted]; see Matter of Lederman v Lederman, 208 AD3d at 484). The hearing court's "determination as to the credibility of witnesses is entitled to great weight and, if supported by the record, will not be disturbed on appeal" (Matter of Mansour v Mahgoub, 202 AD3d 961, 962; see Matter of Livesey v Gulick, 194 AD3d 1045, 1047).
Here, the Supreme Court determined that the defendant's testimony lacked credibility, and the testimony of the plaintiff, supported by the testimony of the child's therapist, confirmed that the plaintiff did not have the requisite intent to commit any of the alleged family offenses. In this way, the defendant failed to demonstrate that the plaintiff committed any family offenses (see Matter of Wiley v Wiley, 231 AD3d at 842). Accordingly, the Supreme Court properly dismissed the defendant's family offense petition and vacated any orders of protection issued against the plaintiff.
A child is properly included as a protected person under an order of protection where the evidence demonstrated that doing so was "'necessary to further the purposes of protection" (Matter of Lynch v Jimenez, 230 AD3d 496, 498, quoting Family Ct Act § 842[l]; see Matter of Cook v Berehowsky, 211 AD3d 727, 729). Here, any alleged actions committed by the defendant that amounted to a family offense did not occur in the child's presence or endanger the child. Thus, including the child as a protected person under an order of protection was not necessary to further the purposes of protection (see Matter of Cook v Berehowsky, 211 AD3d at 729). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for the entry of an order of protection against the defendant and in favor of the child.
The parties' remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court